JF 555

**FILED**

JUL 29 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

3  Name *Bloodsaw Theopric K.*

4      (Last)        (First)        (Initial)

5  Prisoner Number *N/A*     *P20045*

6  Institutional Address *PBSP, P.O. Box 7500, Crescent*

7  *City, CA. 95532*

8  ====================================================== **(PR)**

9             **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**    **JF**

11  *Bloodsaw Theopric*   **CV**   **08**     **3621**
(Enter the full name of plaintiff in this action.)

12         vs.   *et al.*         Case No. _____

13  *Thom, James C.*          (To be provided by the clerk of court)

14  *Holmes, T. R.*         **COMPLAINT UNDER THE**
                     **CIVIL RIGHTS ACT,**

15  *Northrup, L. W.*        **42 U.S.C §§ 1983**

16

17  (Enter the full name of the defendant(s) in this action))

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.    Exhaustion of Administrative Remedies

20       [Note: You must exhaust your administrative remedies before your claim can go

21       forward. The court will dismiss any unexhausted claims.]

22       A.     Place of present confinement *PBSP*

23       B.     Is there a grievance procedure in this institution?

24             YES (✓)     NO ( )

25       C.     Did you present the facts in your complaint for review through the grievance

26       procedure?

27             YES (✓)     NO ( )

28       D.     If your answer is YES, list the appeal number and the date and result of the

COMPLAINT              - 1 -

1   appeal at each level of review.  If you did not pursue a certain level of appeal,

2   explain why.

3   1. Informal appeal *Emergency and regular appeals*

4   *Filed 4-18-07 taken to Director's Level a*

5   *third one was filed 10-1-07 rejected at*

6   2. First formal level *First level malice. On 4-12-07 these*

7   *CIOs were not engaged in the performanc*

8   *e of their duty. CV-00752-JF-*

9   3. Second formal level *550 Supreme Court Reports 88 LA*

10  *W. ED. Oct. 1943 TERM U.S. 320 (pp. 219 to end) U.S. 3*

11  *21-322 III Particular circumstance und-*

12  4. Third formal level *er which exhaustion of state remedies*

13  *is or is not necessary.*

14

15  E.   Is the last level to which you appealed the highest level of appeal available to

16       you?

17       YES ( ✓ )    NO ( )

18  F.   If you did not present your claim for review through the grievance procedure,

19  explain why._____

20  _____

21  _____

22  II.   Parties

23  A.   Write your name and your present address.  Do the same for additional plaintiffs,

24       if any.

25  *BloodSAW Theopric, PBSP, B8-113, P.O. Box*

26  *1500, Crescent City, CA. 95532*

27

28  B.   Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                    - 2 -

3

1    place of employment.

2    Thom James C., Correctional Officer, PBSP.

3    Holmes T.R., Correctional Officer, PBSP.

4    Northrup L.W., Correctional Officer, PBSP.

5    _____

6    _____III.

7    Statement of Claim

8        State here as briefly as possible the facts of your case. Be sure to describe how each

9    defendant is involved and to include dates, when possible. Do not give any legal arguments or

10   cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11   separate numbered paragraph.

12   Thom J.C., 4-12-07 Seditious an private conspira-

13   cy to deprive const. rights (ADA) single cell housing

14   liberty, due process of law entrapment Forced

15   BMU using excessive force under color of law.

16   Holmes T.R., 4-12-07 Seditious an private conspiracy

17   to deprive const. rights (ADA) single cell housing libe-

18   rty, due process of law entrapment forced BMU usi-

19   ng excessive force under color of law.

20   Northrup L.W., 4-12-07 Seditious an private conspir-

21   acy to deprive const. rights (ADA) single cell housing

22   liberty, due process of law entrapment forced BMU

23   using excessive force under color of law. Breach

24   of duties sedition et al.

25   IV.    Relief

26        Your complaint cannot go forward unless you request specific relief. State briefly exactly

27   what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28   Im the victim of a crime by these C/os. I am asking

COMPLAINT                                    - 3 -

4

1  the court For just compensation For punitive, li-
2  ability, and monetary damages. I am asking the
3  court for a permanent injunction. I am asking t-
4  he court to grant me single cell housing that
5  Im entitle to legally an medically (ADA)

6

7  I declare under penalty of perjury that the foregoing is true and correct.

8

9  Signed this __7__ day of __July__, 20__08__

10

11  *T. Bloodsaw*

12  (Plaintiff's signature)





6

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                                      ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



July 3, 2008

BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

RE: IAB# 0734729      CUSTODY/CLASS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the
Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to
inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after
the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and
documents required to submit an appeal. The inmate library offers resources and assistance to obtain
general information regarding regulations, procedures, policies, and government agency addresses.
Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any
questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your
responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply
with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is
being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals
Coordinator. You must comply with instructions from that office.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

7

State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

June 3, 2008

**_BLOODSAW, P20045_**
_BF08L 000000113L_

Log Number: PBSP-B-
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

**_You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered or is pending (CCR 3084.3(c)(2))._**

**_YOU HAVE ALREADY BEEN ADVISED ON PRIOR APPEALS WHAT IS NECESSARY TO PROCESS YOUR APPEAL REGARDING BEING REJECTED ON YOUR STEPS._**

C. E. Wilber
Appeals Coordinator
Pelican Bay State Prison

**NOTE:**   Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

JUN 0 3 2008

188.    *Emergency Appeal*

POINTLESS NON BINDED STEP FAILED DECISION

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

**PBSP**

Log No.

PELICAN B. 2/9
G.P.
UNIT B.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Bloodsaw Theopric | P20045 | | B8-113 |

A. Describe Problem: I. Thom, C/O Iam taking the privilege of asking you for jurisdiction requirements for my false imprisonment at PBSP or forced in BMU twice according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV. On 11-8-02 I was unlawfully attacked an arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. Their is not a felony complaint P.C. 872. endorsed against me on court case No. YA053506. CDC No. P20045 is a fraudulent CDC No. Im ask-

If you need more space, attach one additional sheet.

ing for jurisdiction requirements as of this date 6-2-08. My life is in imminent danger at PBSP and especially by you Im forced and unlawfully confined in BMU twice you made a unprovoke attack on me 4-12-07 I feel

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 6-2-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: *Bypass - informal review not required*

RECEIVED
JUN 11 2008
INMATE APPEALS BRANCH

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

attempt to assassinate me by that attack without probable cause. PBSP informants are playing a major role also. From that attack I suffered severe injuries in my neck an back. Im legally an medically entitle to single cell housing.

Signature: T. Bloodsaw          Date Submitted: 6-2-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

JUN 03 2008

16, 9

0734729

P20045

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved: _____  Returned: _____
Signature: _____  Title: _____  Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

C.E. Wilber, A.C. you cannot deny my First amendme-
nt right you are protecting these common criminals.
B8 is not G.P. its a disciplinary unit I do not buy fool-
s gold. 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878)

Signature: T. Bloodsaw    Date Submitted: 6-4-08

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Constitutional Law. 93 S.ct. 1827, 411 U.S. 475 Preiser v. R-
odriguez (1973) 34 S.ct. 283, 232 U.S. 134 Bacon v. Rutland
R. Co. (1914) 72 S.ct. 205, 342 U.S. 165 Rochin v. Calif. (1952)
53 S.ct. 210, 287 U.S. 435 Sorrells v. U.S. (1932) 80 S.ct. 112,
361 U.S. 516 Bates v. City of Little Rock (1960) 96 S.Ct. 184-
8, 425 U.S. 738 Hosp. Bldg. Co. v. Trustees of Rex Hosp. (1976)

Signature: T. Bloodsaw    Date Submitted: 6-5-08

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter
                                          Date: _____
CDC 602 (12/87)

*Emergency Appeal*

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location:  Institution/Parole Region

1. _____

2. _____

Log No.

1. _____

2. _____

Category

**PELICAN BAY**
G.P.
UNIT R-8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Bloodsaw Theopric     NUMBER: P20045     ASSIGNMENT: ____     UNIT/ROOM NUMBER: R8-113

**A. Describe Problem:** threatened by you. On 5-28-08 you came to my cell as BMU, C/O telling because of my refusals to att-end class I was rejected. Melton D., CCI conspired with A-Facility CSR on 10-18-05 to deprive me of single cell housing ongoing attempts to force me to double cell BMU was apart of the conspiracy. You are a partici-pant of that conspiracy me being unlawfully confined in BMU by force is entrapment the three of you made a

If you need more space, attach one additional sheet.

**B. Action Requested:** Jurisdiction requirements and removed from BMU and the presence of you

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 6-2-08

CV-00752-JF-550

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: Bypass - informal review not required

Staff Signature: _____     Date Returned to Inmate: _____

INMATE APPEALS BRANCH

RECEIVED JUN 1 2008

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

3000. Definitions. CCR 3084.7.; 3273. Acceptance and Surre-nder of Custody. 3377.1. Inmate Custody Designations. 3901. 17.2. Criteria for Placement of Parole Hold. 3013. Unlawful Influence. 321 F. Supp. 1074 U.S. v. Sinclair (1971)

Signature: T. Bloodsaw          Date Submitted: 6-2-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____

Division Head Approved:    Returned

Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

26 S. Ct. 282, 200 U.S. 321 United States v. Detroit Timber
+ Lumber Co. (1906) 679 F.2d 1115 Ruiz v. Estelle (1982) 94 S.
Ct. 2963, 418 U.S. 539 Wolff v. McDonnell (1974) 87 S. Ct. 1737,
387 U.S. 541 See v. City of Seattle (1967)

Signature: _T. Bloodsaw_    Date Submitted: 6-1-08

Second Level    ☒ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____

☐ See Attached Letter.

_____

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

43 Cal. Rptr. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)
352 F.3d 565 Tsombanidis v. West Haven Fire Dept. (2003) 60
S. Ct. 811, 310 U.S. 150 U.S. v. Socony-Vacuum Oil Co. (1940) 222
F.2d 531 U.S. v. Lebron (1955) 309 F. Supp. 2d 789 U.S. v. Kha-
n (2004) 87 S. Ct. 1213, 386 U.S. 547 Pierson v. Ray (1967) 8 -
54 F. Supp. 254 U.S. v. Rahman (1994)

Signature: _T. Bloodsaw_    Date Submitted: 6-5-08

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other
☐ See Attached Letter.    Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 18, 2007

BLOODSAW, CDC #P-20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

Re:

Dear Mr. BLOODSAW:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals. The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator. Your appeal was rejected, withdrawn or cancelled. If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

36 7
State of California     Case 5:08-cv-03621-JF     Document 1     Filed 07/29/2008     Page 13 of 53
Department of Corrections and Rehabilitation
CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: __BLOODSAW__     Number: __P20045__  Housing: __A2 202__

### YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.   The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.   The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
   [ ] (a) Your appeal has been screened out on _____ for _____
   [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____
   [ ] (c) Your appeal has been completed at the _____ Level, Log # _____

[X] 3.   The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.   The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8.   Abuse of the Appeal Process/Right to Appeal.
   [X] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
   [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
   [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
      [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
      [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
   [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
      [ ] (1) Your appeal was screened out and returned to you with instructions:
         [ ]                    [ ]                    [ ]
   [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
   [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.   Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.  Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: (1) YOU CAN APPEAL BY ATTACHING FINAL COPY OF RVR AT THAT TIME. (2) YOU CANNOT FILE MORE THAN ONE APPEAL IN A SEVEN DAY PERIOD.

_C. Wilber_

C. E. WILBER                         _____
Appeals Coordinator                  Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate.
In such a case, please return this form to the Appeals Office with the necessary supporting information.
**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**
PBSP     (Rev.  11/06)     CCR 3084.3(d)     PBSP

APR 2 3 2007

*Emergency Appeal*

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

(PBSP)

Location:   Institution/Parole Region          Log No.                     Category

1. _____     1. _____     _____
2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME ② Bloodsaw Theopric     NUMBER P20045     ASSIGNMENT _____     UNIT/ROOM NUMBER A2-202

A. Describe Problem: Emergency appeal 3084.7. Exceptions to the Regular Appeals Process. C10 J. Thom on 4-12-07 he intentionally created this battery on him I was called from my cell to get my legal mail at their office. C-10 Holmes started harassing me as always your nothing but a cell soldier nigger answer me when I speak to you I said I'll let the judge speak for me C10 Northrup said you sound like you have a dick in your mouth. C10 Thom said you heard him nigger get down on your knees and suck my dick nigger. I turn and walk away leaving my

If you need more space, attach one additional sheet.

B. Action Requested: legal mail C10 Thom ran from their office with C10 Holmes and C-10 Northrup in tow C10 Thom grab my left arm pulling me to the floor with the help of the other two and they started beating me. Im the victim Im at PBSP unlawfully under CDC #P20045 placed in BMU unlawfully

Inmate/Parolee Signature: T. Bloodsaw     Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

C10 J. Thom is intentionally making false statements and injuries. People v. Saling 7 Cal. 3d 844, 500 P. 2d 610, 103 Cal. Rptr. 698 (1972) 124 Cal. Rptr. 752, 15 Cal. 3d 419 People v. Leach (1975) Thomas v. Miss. 380 U.S. 524, 85 S. ct. 1327, 14 L. Ed. 2d 265 (1965)

Signature: T. Bloodsaw     Date Submitted: 4-23-07
Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

CV-00752-JF-550

First Level  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____   Title: _____   Date Completed: _____
Division Head Approved:                                         Returned
Signature: _____   Title: _____   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

3401. Employee and Inmate/Parolee Relations. 3401.5 Employee Sexual Misconduct. 3013. Unlawful Influence. 3413. Incompatible Activity. 3160. Inmate Access to Courts. CV-00752-JF-Suit, 550; 481 F.2d 1028 Johnson v. Glick (1973)

Signature: T. Bloodsaw                          Date Submitted: 5-2-07

Second Level  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

96 S.Ct. 1848, 425 U.S. 738 Hospital Bldg. Co. v. Trustees of Rex Hospital (1976) 89 S.ct. 1843, 395 U.S. 411 Jenkins v. McKeithen (1969) 92 Cal. Rptr. 62, 14 Cal. App. 3d 224 Estate of Gouette (1971) 244 P.2d 35, 111 Cal. App. 2d 9 People v. Pearson (1952) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974) 143 C.R. 898, 233 Cal. App. 2d 799 LeMere v. Goren (1965)

Signature: T. Bloodsaw                          Date Submitted: 5-2-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                         Date: _____

2 388 9| Case 5:08-cv-03621-JF Document 1 Filed 07/29/2008 Page 16 of 53 Pending

Emergency Appeal

PBSP

PENDING
RVR
1/10

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole | Log No. | Category |
|---|---|---|---|
| 1. _____ | | 1. _____ | 1/10 |
| 2. _____ | | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAW Theopric | P20045 | | A2-202 |

A. Describe Problem: 3268. Use of Force. 3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3901.17.2. Criteria For Placement of Parole Hold. 3377.1. Inmate Custody Designations. 3375. Classification Process. 3341.5. Segregated Program Housing Units. Whitley v. Albers (1985) 475 U.S. 312, 106 S. Ct. 1078; Madrid v. Gomez (1995) 889 F. Supp. 1146; Pennsylvania Department of Corrections v. Yeskey (1998) 524 U.S. 206; 74 Cal. Rptr. 713, 70 Cal. 2d 347 People v. Curtis. 94 S. Ct. 669, 414 U.S. 488 O'Shea v. Littleton (1974)

If you need more space, attach one additional sheet.

B. Action Requested: That the charge is dropped he was not engaged in the perf performance of his duties. CV-20505 + CV-00752 JFSuit 550. And show jurisdiction requirements according to the U.S.C. Amendments I-IV-V-VIII-XIII-XIV

Inmate/Parolee Signature: T. Bloodsaw     Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: 04/19/2007)

Staff Response: DENIED. THE TESTIMONY OF INVOLVED OFFICERS CLEARLY INDICATES YOU BATTERED A PEACE OFFICER. YOU WILL BE CHARGED AND IT WILL BE DECIDED BY THE LOCAL DA TO ACCEPT THE CHARGES

Staff Signature: _____     Date Returned to Inmate: 04/19/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

On 11-8-02 I was unlawfully arrested as a parole violator P.C. 5011. a parole warrant is P.C. 3056. U.S.C. Amendments IV, V-VIII-XIII-XIV. 112 P.2d 241, 17 Cal. 2d 778 People v. Shaw (1941) 95 P.2d 471, 35 Cal. App. 2d 329 People v. McAtee (1939)

Signature: T. Bloodsaw     Date Submitted: 4-23-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

APR 23 2007
10

CV-00752-JF-550

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____                                          Returned
Signature: _____    Title: _____    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

320 F. Supp. 513 Blyden v. Hogan (1970) 453 F. 2d 12 Inmates of Attica Correctional Facility v. Rockefeller (1971) 26 S. Ct. 282, 200 U.S. 321 U.S. v. Detroit Timber & Lumber Co. (1906) 80 S. Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960)

Signature: T. Bloodsaw    Date Submitted: 5-2-07

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

The appeals coordinator has conspired to make false statements and misplaced the first page of this appeal an it is a emergency appeal an it is acceptable according to CCR 30-84.7 PBSP does not honor 602C10 Holmes made his second attack he an Sgt. Pepiot and refused to answer it they attacked me in my cell 255 P. 2d 452, 116 Cal. App. 2d 207 People v. Mckenna (1953)

Signature: T. Bloodsaw    Date Submitted: #5-2-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)    Date: _____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

*INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 9, 2008


BLOODSAW, THEOPRIC, P20045
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000


RE: IAB# 0716032    PBSP-07-00975    STAFF COMPLAINTS

Mr. BLOODSAW:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator.  You must comply with instructions from that office.



*M. Grannis*

N. GRANNIS, Chief
Inmate Appeals Branch


****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

November 20, 2007

**BLOODSAW, P20045**
*ASUE0000000001L*

Log Number: PBSP-A-07-00975
(Note: Log numbers are not assigned to screen out appeals or informal level appeals.)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*IN ADDITION TO YOUR FAILURE TO COOPERATE AT THE FIRST LEVEL OF REVIEW, YOU RECEIVED YOUR FIRST LEVEL APPEAL RESPONSE BACK ON 5-29-07 AND ARE ATTEMPTING TO TAKE YOUR APPEAL TO THE SECOND LEVEL ON 11-20-07. THEREFORE YOUR APPEAL IS BEING REJECTED FOR THE ABOVE NOTED REASON.*

Appeals Coordinator
Pelican Bay State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |

NOV 2 0 2007

1
892                                              *C/O THOM*
40                                               *C/O Holmes*
                        RES

**INMATE/PAROLEE**          Location   Institution/Parole Region   Log No.   Category
**APPEAL FORM**                        **PBSP**      *A07-00975*    *7/1*
CDC 602 (12/87)        *RECEIVED*
                       *NOV 30 2007*   1. _____ 2. _____   1. _____ 2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state when action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| *BloodsawTheopric* | *V20045* | | *A2-202* |

**A. Describe Problem:** *C/O J. Thom 4-12-07 he intentionally created this battery on him I was called from my cell to get my legal mail at their office. C/O Holmes started harassing me as always your nothing but a cell soldier nigger answer me when I speak to you I said I'll let the judge speak for me the other C/O said you sound like you have a dick in your mouth. C/O J. Thom said you heard him nigger get down on your knees and suck my dick nigger. I turned and walked away leaving my legal mail C/O J. Thom ran from their of-*

If you need more space, attach one additional sheet.

**B. Action Requested:** *fice with C/O Holmes and the other C/O in tow C/O J. Thom grab my left arm pulling me to the floor with the help of the other two C/O's and they started beating me Im the victim. Im at PBSP unlawfully under CDC# V20045 placed in BMU unlawfully.*

Inmate/Parolee Signature: *T. Bloodsaw*          Date Submitted: *4-18-07*

**C. INFORMAL LEVEL** (Date Received: *04/19/07* )

**Staff Response:** *YOU ARE NOT ASKING FOR ANYTHING, BUT ARE MAKING ALLEGATIONS AGAINST CORRECTIONAL OFFICERS OFFICER THOM INFORMED ME THESE ALLEGATIONS ARE NOT TRUE.*

Staff Signature: _____ *NAVARRO*          Date Returned to Inmate: *04/19/07*

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

*C/O J. Thom is intentionally making false statements to cover up the unlawful attack he an C/O T. Holmes and C/O L. Northrup committed against me without probable cause. 3160. Inmate Access to Courts. 3000. Definitions. 3375. Classification Process.*

Signature: *T. Bloodsaw*          Date Submitted: *4-23-07*
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim          CDC Appeal Number: _____

APR 23 2007     APR 27 2007     NOV 2 0 2007
*TO CDW   1ST AW-GP   34*

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☒ Other _Cancelled / Exonerated._

E. REVIEWER'S ACTION (Complete within 15 working days). Date assigned: 4-27-07   Due Date: 10-11-07

Interviewed by: Lieutenant R. McKean (I/m Refused).

_Not I at_

Staff Signature: R. McLean   Title: Lt.   Date Completed: 5/18/07

Division Head Approval Signature: _____   Title: AWGP   Returned Date to Inmate: 5-29-07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_Lieutenant R. McKean is making False Statement why would I go to any hearing without my evidence my court documents 86 S.Ct. 1800, 384 U.S. 808 City of Greenwood MS. v. Peacock (1966) CV-20505 & CV-00752-JF-Suit 550 Malice_

Signature: T. Bloodsaw   Date Submitted: 11-19-07

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_Because every document that PBSP is using against me is a fraudulent document. 481 F.2d 1028 Johnson v. Glick (1973) 43 Cal. Rptr. 898, 233 Cal. App. 2d 799 Le Mere v. Goren (1965) 41 Cal. Rptr. 590, 62 Cal. 2d 176 People v. Gallegos (1964) 26 S.Ct. 282, 200 U.S. 321 U.S. v. Detroit Timber & Lumber Co. (1906) 92 U.S. 275, 92 U.S. 275 Chy Lung v. Freeman (1875)_

Signature: T. Bloodsaw   Date Submitted: 11-19-07

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. RECEIVED | 1. | |
| MAY 30 2007 | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BloodsAW Theopric | P20045 | | A2-202 |

A. Describe Problem: 3268. Use of Force. 3271. Responsibility of Employees. 3273. Acceptance and Surrender of Custody. 3901.17.2. Criteria For Placement of Parole Hold. 3377.1. Inmate Custody Designations. 106. S. Ct. 1078, 475 U.S. 312 Whitley v. Albers (1986) 481 F.2d 1028 Johnson v. Glick (1973) 3338 Hearing on Segregated Housing Order. 59 S. Ct. 954, 307 U.S. 496 Hague v. CIO (1939) 78 S. Ct. 81-9, 356 U.S. 369 Sherman v. U.S. (1958) 3075.1. Intake Processing. I received my legal mail 4-16-07 in Ad-Seg. From C/O Stevenson

If you need more space, attach one additional sheet.

B. Action Requested: That the charge is dropped he was not engaged in the performance of his duties if so show jurisdiction requirements according to U.S.C. Amendments I - IV - V - VIII - XIII - XIV. The case was procured it has been dismissed 10-26-07.

Inmate/Parolee Signature: T. Bloodsaw          Date Submitted: 4-18-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____
_____
_____
_____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Supreme Court Reports 88 LAW. ED. Oct. 1943 TERM U.S. 320 (pp. 21-9 to end) U.S. 321-322 III Particular circumstance under which exhaustion of state remedies is or is not necessary. 81 S. Ct. 47-3, 365 U.S. 167 Monroe v. Pape (1961) 3075.3. Discharge Certificates.
T. Bloodsaw

Signature: _____        Date Submitted: 4-23-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____    Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*C.E. Wilber, Appeals Coordinator said my emergency appeal 4-18-07 was excessive filing if that was true I should have been restricted from filing PBSP does not honor CDC 602s. 6 S.Ct. 734, 117 U.S. 241 Ex parte Royall (1886)*

Signature: *T. Bloodsaw*  Date Submitted: *11-19-07*

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*72 S.Ct. 205, 342 U.S. 165 Rochin v. Calif. (1952) 320 F. Supp. 513 Blyden v. Hogan (1970) 453 F.2d 12 Inmates of Attica Correctional Fac. v. Rockefeller (1971) 80 S.Ct. 412, 361 U.S. 516 Bates v. City of Little Rock (1960) 9 S.Ct. 122, 128 U.S. 456 Cornelius v. Kessel (1888) 97 U.S. 652, 97 U.S. 652 Barney v. Dolph (1878) 118 Cal. Rptr. 120, 43 Cal. App. 3d 809 Chambers v. Municipal Court (1974)*

Signature: *T. Bloodsaw*  Date Submitted: *11-19-07*

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)    0716032

# FIRST LEVEL SUPPLEMENTAL PAGE

**RE**:    PELICAN BAY STATE PRISON (PBSP)
Appeal Log # PBSP-A-07-00975
First Level Reviewer's Response

**INMATE**: BLOODSAW, P-20045

**APPEAL DECISION**: **CANCELLED/ EXONERATED**

**APPEAL ISSUE**: (modified)

You allege on April 12, 2007, Correctional Officers J. Thom and T Holmes jointly harassed you by making derogatory and racial comments while passing out legal mail.  You believe the officers intentionally made the comments to commit battery against you.

You did not document any requested action on your appeal.

**FINDINGS**:

A thorough review of your appeal has been completed and your requested action has received careful consideration.  Correctional Lieutenant (Lt.) R. McKean has been assigned to investigate your appeal at the First Level.  On May 12, 2007, Correctional Officers D. Larson and R. Hisoire approached your cell to escort you for an interview regarding the allegations outlined in your appeal.  You declined, therefore, refused to cooperate with the reviewer.

Per the California Code of Regulations, Title 15, Section 3084.4 (d), *Lack of cooperation. An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.*

On Tuesday, May 8, 2007, R. McKean conducted an interview with Officer Holmes.  Officer Holmes' interview was documented on the confidential supplement of this appeal.

Wednesday, May 9, 2007, Lt. R. McKean conducted an interview with Officer Thom.  Officer Thoms' interview was documented on the confidential supplement of this appeal.

In the event staff misconduct is sustained, the institution's Administration will take the appropriate course of action.  All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public, or inmate population and will not be released to the inmate.  Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

Appeal Log# PBSP-A-07-00975
BLOODSAW, P-20045
Page 2

**DETERMINATION OF ISSUE**:

A thorough review of the allegation presented in this complaint has been completed. Based on this review, the action requested to resolve this appeal is **CANCELLED**. Additionally, the following determination has been made that your allegations of staff misconduct are: **EXONERATED**.


M. FOSS          Date:            M. A. COOK          Date
Facility Captain                   Associate Warden
Facility "B"                       General Population

PELICAN BAY
ASU

# 70 66 TO

DATE FAXED: 04-17-07    12    CCOMS:NO  GPL:3.3

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT    rfRO

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 528 2070 PBSP | B8-101L | B07-04-0031 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (C) | BATTERY ON A PEACE OFFICER | B8-101L | 04-12-07 | 1855 HOURS |

CIRCUMSTANCES

On 4-12-07 at approximately 1855 hours officer T. Holmes and I were attempting to issue inmate BLOODSAW P-20045 B8-101L, his legal mail in the B8 officer's station. Inmate BLOODSAW seemed to be agitated when he entered the officer station, Holmes and I attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive to the counseling and started yelling "FUCK YOU, FUCK YOU WHITE MOTHERFUCKERS, YOU CAN SUCK MY DICK" Holmes and I gave BLOODSAW a direct order to return back to his cell. I escorted BLOODSAW back to A-section, he was still yelling and cursing, when approximately 2 feet from A-section door he turned left into a bladed stance. I ordered BLOODSAW to get down, instead BLOODSAW took a step toward me. I grabbed BLOODSAW by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling BLOODSAW down. With the help of officer Holmes, we placed BLOODSAW on the floor in a prone position. BLOODSAW continued to fight, refusing numerous orders to cuff up. I pulled BLOODSAW'S right arm behind his back, so Holmes could place hand cuffs on BLOODSAW. At this time BLOODSAW kicked me in the right knee while we were trying to gain control and place handcuffs and leg irons on him.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The reviewing supervisor has concluded that a

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ I. THOM | 4·17·07 | B8 FLOOR #2 | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ A. NAVARRO, SGT | 04/17/07 | DATE 4/13-07   LOC A2-2022 | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | B | 04/17/07 | P. TERRY, LT | | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ R. MILLS, C/O | 4/16/07 | 12 P | 7219 × 1 |

| ☐ INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ R. MILLS, C/O | 4/11/07 | 12 P | ▶ R. MILLS, C/O | 4/15/07 | 125 |

HEARING

Rep B08-07-04-0144

(SEE ATTACHED HEARING SUMMARY)

Mental Health Assessment is not required.

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| J. DIGGLE, LT | ▶ J. Diggle | 2-07 | 1930 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ M. FOSS, FACILITY CAPTAIN | | ▶ M.A. COOK, A.W. (G.P.) | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | ▶ McCormick C/O | DATE 04/27/07  TIME 0730 |

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-20045 | BLOODSAW | 3005(c) | 04-12-07 | PBSP | B07-04-0031 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| ☐ **I REVOKE** my request for postponement. | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ REQUESTED | | |
| ☒ ASSIGNED   DATE 4/14-07   NAME OF STAFF  K. Mills  C/O REASSIGNED TO C/O LEVEQUE   4-20-07 | | |
| ☐ NOT ASSIGNED   REASON | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE ▶  X refused | DATE |
|---|---|---|
| ☐ REQUESTED   ☒ WAIVED BY INMATE | | |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED   REASON  DNMC Per 3315 (d) (1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 12:30 pm | DATE 4/14/07 |
|---|---|---|---|

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                             PAGE   1   OF   2

| CDC NUMBER P-20045 | INMATE'S NAME BLOODSAW | LOG NUMBER B07-04-0031 | INSTITUTION PBSP | TODAY'S DATE 4/23/07 |
|---|---|---|---|---|

☐SUPPLEMENTAL   ☒CONTINUATION OF:   ☐CDC 115 CIRCUMSTANCES   ☒HEARING   ☐I.E .REPORT   ☐OTHER

**Hearing**: On 04-21-2007 at approximately 1930 hours, BLOODSAW was given the opportunity to attend this disciplinary hearing. BLOODSAW declined. When informed by staff that he needed to sign a CDC 128-B confirming that he had refused to attend, BLOODSAW refused to sign. At this institution, force will not be used to coerce attendance at a hearing. For this reason, his refusal to attend was accepted and the hearing was held in his absence. A CDC 128-B with the signature of two staff witnesses (C/O C. Speaker and C/O J. Keeling) to his refusal was completed.

**District Attorney**: Per the California Department of Corrections (CDC) Form 115-A, BLOODSAW was advised by the Staff Assistant prior to this disciplinary hearing that this has been referred for possible prosecution and that he can postpone his hearing pending resolution of prosecution. The Staff Assistant informed him that any statements could be used against him in a court of law. There is no reason to believe that BLOODSAW signed a written postponement request.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: BLOODSAW was assigned a Staff Assistant as BLOODSAW is illiterate (reading score of 4.0 or less). The assigned SA, Correctional Officer C. Leveque, was present at the hearing and confirmed that he interviewed BLOODSAW more than 24 hours in advance. Officer Leveque confirmed that he had explained hearing procedures, disciplinary charges, the evidence supporting these charges and the right to request confidentiality.

**Investigative Employee**: BLOODSAW has no apparent interest in an investigation on his behalf. The issues are not complex and available information is sufficient. I.E. assignment is unnecessary.

**Witnesses**: No witnesses were called to this hearing. None were listed on the CDC 115-A as requested by the inmate and the SHO did not require any additional testimony.

**Video/photo evidence**: Videotape and photographic evidence was not an issue for this hearing.

As BLOODSAW did not attend the hearing, a plea was not entered and he did not present any testimony in his own defense. The hearing was decided based upon the following written evidence: CDC 115 of 04-12-2007 as well as the Incident report.

**Finding**: Guilty of the Div. B (1) offense BATTERY ON A PEACE OFFICER. *Battery* means the deliberate use of force or violence on the person of another. Battery includes intentionally striking the person of another as well as the clothing or any object closely associated with that person. If the battery is unintentional, the inmate remains responsible for it is the result of reckless indifference. *Reckless indifference* means that any reasonable person committing the intended action would understand that battery was probable. This offense also requires that the victim of this battery qualify as a peace officer. In general, this means custody, counseling, administrative and MTA staff members. This finding is based upon the following preponderance of evidence:

A. The testimony of Correctional Officer J. Thom, in the disciplinary report of 04-12-2007, wherein Officer Thom testifies that on 04-12-2007, at approximately 1855 hours, He and Officer Holmes were issuing legal mail to BLOODSAW from the floor officer's station. BLOODSAW seemed agitated when he entered the officer's station. Officer Thom and Officer

| SIGNATURE OF WRITER J. DIGGLE | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 4/23/07 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
                                                       PAGE   2   OF   2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-20045 | BLOODSAW | B07-04-0031 | PBSP | 4/23/07 |

☐SUPPLEMENTAL    ☒CONTINUATION OF:    ☐CDC 115 CIRCUMSTANCES    ☒HEARING    ☐I.E .REPORT    ☐OTHER

Holmes attempted to counsel BLOODSAW on his behavior. BLOODSAW was not receptive, and started yelling, "Fuck you, fuck you, you white motherfuckers, you can suck my dick." Officer Thom and Officer Holmes gave BLOODSAW a direct order to return to his cell. Officer Thom escorted BLOODSAW back to A section. BLOODSAW was still yelling and cursing, when approximately two feet from the A section door he turned left into a bladed stance. Officer Thom ordered BLOODSAW to get down. Instead, BLOODSAW took a step toward Officer Thom. Officer Thom grabbed BLOODSAW by the front of his shirt with his right hand and wrapped his left hand around BLOODSAW's upper body, pulling BLOODSAW down. With the help of Officer Holmes, they placed BLOODSAW on the floor in the prone position. BLOODSAW continued to fight, refusing numerous orders to submit to handcuffs. Officer Thom pulled BLOODSAW's right hand behind his back so Officer Holmes could place handcuffs on BLOODSAW. BLOODSAW kicked Officer Thom in the right knee while the officers were trying to restrain him.

B.  The 837C Crime / Incident report written by Correctional Officer T. Holmes, where Officer Holmes states that at some point during the incident, he sustained an injury to his right ring finger. The 7219 Medical Report of Injury reflects that Officer Holmes had swelling to his right ring finger.

C.  The fact that BLOODSAW kicked Officer Thom in the right knee clearly supports the charge of battery.

**Disposition**: Assessed **150** day credit forfeiture for this Div. B offense. Referred to classification for SHU assessment. BLOODSAW is referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional penalties**: None

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|
| J. DIGGLE | Correctional Lieutenant | 4/23/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 042707 | TIME SIGNED: 1300 |

56 78 74.
6
16

DA# 07040144                          Agency:  PBSP                          5/31

SPACE BELOW FOR USE OF COURT CLERK ONLY

DISTRICT ATTORNEY
County of Del Norte
450 H Street #171
Crescent City, California
Phone (707) 464-7210

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
DEL NORTE JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF CALIFORNIA

                          Plaintiffs,

        vs.

THEOPRIC BLOODSAW, P-20045

                          Defendant.

**COMPLAINT**

Att: Alexander
Court Date 6-14-07

The DISTRICT ATTORNEY of the County of Del Norte, State of California, hereby charges the DEFENDANT with having committed, in the County of Del Norte, the crime of:

**COUNT 1.**
**BATTERY ON CORRECTIONAL OFFICER, in violation of Section 4501.5 of the Penal Code, a felony.**
On or about April 12, 2007, the Defendant did willfully and unlawfully being a person confined in a state prison of this state, commit a battery upon the person of Correctional Officer J. Thom , an individual who is not himself a person confined therein.(Kicked in Knee)

**COUNT 2.**
**RESISTING EXECUTIVE OFFICER, in violation of Section 69 of the Penal Code, a FELONY.**
On or about April 12, 2007, the Defendant did willfully, unlawfully and knowingly resist executive officers, to-wit: Correctional Officers J. Thom and T. Holmes, in the performance of their duty by the use of force and violence .

orig

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY**, in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 17th day of September, 1997, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Possession of a Controlled Substance, a felony, in violation of section 11350(a) of the Health and Safety Code, case number YA034031, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION OF A PRIOR-ANY FELONY**, in violation of section 667.5(b) of the Penal Code.

It is further alleged that Defendant was, on the 4th day of April, 2003, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of Assault on a Peace Officer, a felony, in violation of section 245(c) of the Penal Code, case number YA053506, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code Section 667.5(b).

**SPECIAL ALLEGATION**, within the meaning of Penal Code sections 1170.12 and 667(b) through 667(i) inclusive.

It is further alleged that said defendant was convicted on the 4th day of April, 2003, of Criminal Threats, in violation of section 422 of the Penal Code, in Los Angeles County, State of California, within the meaning of Penal Code sections 1170.12 and 667(b) to 667(i) inclusive.

I so swear, under penalty of perjury, on May 25, 2007, at Crescent City, California, that the foregoing is true and correct on information and belief.

Katherine Micks, **DEPUTY DISTRICT ATTORNEY**

168
80 · 18
20

FILED

MAY 3 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

1  MICHAEL D. RIESE
   DISTRICT ATTORNEY
2  Courthouse · 450 H Street
   Crescent City, CA 95531
3  Telephone: (707) 464-7210

4                    SUPERIOR COURT, OF CALIFORNIA

5                         COUNTY OF DEL NORTE

6

7  PEOPLE OF THE STATE OF CALIFORNIA,        CASE NUMBER:
                    Plaintiff,                CRPB07-5089
8          vs.                               ORDER FOR TRANSPORT
                                             VIDEO
9
   THEOPRIC BLOODSAW, P-20045                COURT DATE: May 31, 2007
10                  Defendant.               TIME: 8:00 a.m.

11

12  TO THE WARDEN OF PELICAN BAY STATE PRISON:

        IT IS HEREBY ORDERED that Theopric Bloodsaw, P-20045, be produced in the Superior
13  court for prosecution or examination for an offense triable in the Superior court, and that Pelican Bay
    State Prison is to transport said person to the Video Arraignment Room located at Pelican Bay State
14  Prison, on May 31, 2007 at 8:00 a.m., for arraignment or other proceedings.

    IT IS FURTHER ORDERED that said inmate continue to be transported for appearances at the Del
15  Norte County courthouse, Crescent City, Calif. until the conclusion of his case.

16  DATED:_____ MAY 3 0 2007          _____
                                       JUDGE OF THE SUPERIOR COURT
17                                     WILLIAM H FOLLETT

18

19

20

5:22 168 24
1784 169.
9

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART A1 – COVER SHEET
CDCR 837 – A (Rev. 07/05)

| | | |
|---|---|---|
| PAGE 1 OF __5__ | INCIDENT LOG NUMBER PBP-B08-07-04-0144 | INCIDENT DATE April 12, 2007 |

INCIDENT TIME: 1855 hours

| INSTITUTION PBSP | FACILITY B | FACILITY LEVEL ☐ I ☐ II ☐ III ☒ IV | INCIDENT SITE B-8 | LOCATION Rotunda |
|---|---|---|---|---|

☐ ASU ☐ SHU ☐ PSU
☐ SNY ☐ PHU ☐ CTC
☒ GP ☐ RC

SEG YARD: ☐ ASU ☐ WA ☐ RM

USE OF FORCE: ☒ YES ☐ NO

SPECIFIC CRIME / INCIDENT
BATTERY ON A PEACE OFFICER

☒ CCR ☐ PC ☐ N/A
NUMBER/SUBSECTION: 3005 (c)

D.A REFERRAL ELIGIBLE ☒ YES ☐ NO

CRISIS RESPONSE TEAM ACTIVATED ☐ YES ☒ NO

MUTUAL AID REQUESTED ☐ YES ☒ NO

PIO/AA NOTIFIED ☒ YES ☐ NO

## RELATED INFORMATION (CHECK ALL THAT APPLY OR N/A)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY |
|---|---|---|---|
| ☐ INMATE | ☐ ACCIDENTAL ☐ NATURAL | ☐ ON INMATE | ☒ BEATING ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ UNKNOWN | ☒ ON STAFF | ☐ GASSING ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING ☐ STRANGLING |
| ☐ OTHER | ☐ SUICIDE | ☐ OTHER: | ☐ SEXUAL ☐ OTHER: |
| | ☐ OVERDOSE | | ☐ SHOOTING |
| ☒ N/A | ☒ N/A | ☐ N/A | ☐ SLASHING ☐ N/A |

### SERIOUS INJURY
☐ INMATE
☐ STAFF
☐ VISITOR
☐ OTHER

☒ N/A

### ESCAPES
☐ W / FORCE
☐ W/O FORCE
☐ ATTEMPTED

☒ N/A

### INMATE WEAPONS
☐ CHEMICAL SUBSTANCE  TYPE:
☐ CLUB / BLUDGEON  ☐ COMMERCIAL WEAPON
☐ EXPLOSIVE
☐ FIREARM  ☐ INMATE MANUFACTURED WEAPON
☒ HANDS / FEET
☐ KNIFE
☐ SAP/SLUNG SHOT
☐ PROJECTILE
☐ SPEAR
☐ SLASHING INSTRUMENT:  (TYPE) _____
☐ STABBING INSTRUMENT:  (TYPE) _____
☐ OTHER: _____
☐ BODILY FLUID  ☐ OTHER FLUID
☐ UNKNOWN LIQUID
☐ N/A

### SHOTS FIRED / TYPE WEAPON / FORCE

| WEAPON: | WARNING# | EFFECT # | TYPE: | NO: |
|---|---|---|---|---|
| ☐ MINI 14 | | | BATON ROUND | |
| ☐ 38 CAL. | | | WOOD | |
| ☐ 9MM | | | RUBBER | |
| ☐ SHOTGUN | | | FOAM | |
| LAUNCHER: | | | STINGER: | |
| ☐ 37MM | | | .32 (A) | |
| ☐ L8 | | | .60 (B) | |
| ☐ 40 MM | | | EXACTIMPACT | |
| ☐ 40 MM MULTI | | | CTS 4557 | |
| ☐ HFWRS | | | XM 1006 | |
| FORCE: | | | CHEMICAL: | |
| ☐ EXPANDABLE BATON | | | ☐ OC | |
| ☒ PHYSICAL FORCE | | | ☐ CN | |
| ☐ X10 | | | ☐ CS | |
| ☐ OTHER: | | | ☐ N/A | |

### CONTROLLED SUBSTANCE
☐ POSITIVE UA
☐ CONTROLLED MEDS

☐ AMPHETAMINE
☐ BARBITUATES
☐ COCAINE
☐ CODEINE
☐ HEROIN
☐ MARIJUANA/THC
☐ METHAMPHETAMINE
☐ MORPHINE
☐ OTHER: _____
☒ N/A

### WEIGHT
☐ WITH PACKAGING
☐ WITHOUT PACKAGING
PRELIMINARY    LAB

### PROGRAM STATUS
☐ MODIFIED PROGRAM
☐ LOCKDOWN
☐ STATE OF EMERGENCY

IF YES, LIST AFFECTED PROGRAMS

☒ N/A

### EXCEPTIONAL ACTIVITY
☐ EMPLOYEE JOB ACTION
☐ ENVIRONMENTAL HAZARD
☐ EXPLOSION
☐ FIRE
☐ GANG/DISRUPTIVE GROUP
☐ HOSTAGE
☐ INMATE STRIKE
☐ MAJOR DISTURBANCE
☐ MAJOR POWER OUTAGE
☐ NATURAL DISATER
☐ PUBLIC DEMONTRATION
☐ SPECIAL INTEREST I/M

☐ WEATHER
☐ SEARCH WARRANT
☐ ARREST
☐ OTHER: _____

EXTRACTION:
☐ CONTROLLED
☐ IMMEDIATE

☒ N/A

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):

On Thursday, April 12, 2007 at approximately 1855 hours, Inmate BLOODSAW, P-20045, B8-101L, battered staff by attempting to break escort and resisting staff, necessitating the use of physical force to gain compliance. While staff was attempting to restrain BLOODSAW, BLOODSAW kicked Officer J. Thom in the right knee.

__SUSPECTS:__ BLOODSAW, P-20045, B8-101L

__VICTIMS:__ Officer J. Thom, Officer T. Holmes

Reviewed By:  Facility Captain M. Foss

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
|---|---|---|---|

SIGNATURE OF REPORTING STAFF

PHONE EXT. (INCIDENT SITE) 7953

DATE 04/12/2007

NAME OF WARDEN / AOD (PRINT/SIGN)
ROBERT A. HOREL

TITLE Warden

DATE

*to 70. 170.*
*54-70 20. 22*

STATE OF CALIFORNIA

**PART A1 – SUPPLEMENT**
CDCR 837 – A1 (07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| | PAGE | 2 | OF | 5 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|---|

| INSTITUTION Pelican Bay State Prison | FACILITY B | INCIDENT DATE April 12, 2007 | INCIDENT TIME 1855 hours |
|---|---|---|---|

| TYPE OF INFORMATION ☒ SYNOPSIS/SUMMARY OF INCIDENT | ☐ SUPPLEMENTAL INFORMATION | ☐ AMENDED INFORMATION | ☐ CLOSURE REPORT |
|---|---|---|---|

NARRATIVE:

BLOODSAW was in the B8 Officer's station getting his legal mail when he became verbally abusive to staff. B8 Floor staff ordered BLOODSAW to return to his cell. As BLOODSAW was being escorted back to his cell, he turned and assumed a bladed stance. Officer Thom ordered BLOODSAW to get down, BLOODSAW refused and lunged towards Officer Thom. Officer Thom and Officer Holmes utilized physical force to get BLOODSAW into the prone position on the ground. During this time, BLOODSAW kicked Officer THOM in the right knee.

**ESCORTS:** Officers C. Chapman and T. Wadsworth escorted BLOODSAW from B8 to the B Facility Hobby Shop Holding Cell #1.

**MENTAL HEALTH DELIVERY SYSTEM CLASSIFICATION:** Inmate BLOODSAW was not a participant in the Mental Health Delivery System at the time of this incident.

**MEDICAL REPORTS/INJURIES TO STAFF:** MTA J. Keys medically evaluated Officer J. Thom and prepared a CDC 7219 noting the following: pain in the right knee, an abrasion/scratch to the left wrist and right thumb. MTA Keys medically evaluated Officer T. Holmes and noted the following: a swollen right ring finger.

**MEDICAL REPORTS/INJURIES TO INMATES:** MTA Keys medically evaluated BLOODSAW and prepared a CDC 7219 noting the following: Dried blood on the left nostril and lower lip, pain in the neck and left knee.

**CRIME SCENE/EVIDENCE:** A crime scene was not established and no evidence was collected from this incident.

**USE OF FORCE:** Officers J. Thom, T. Holmes and L. Northrup utilized physical force to gain control of BLOODSAW.

**STATUS OF VIDEOTAPED INTERVIEW:** BLOODSAW was offered a video interview due to the injury to his lip. A video interview will be conducted on April 13, 2007.

**CONCLUSION:** Inmate BLOODSAW will be charged under the California Code of Regulations (CCR), Title 15, Section 3005 (c), specifically BATTERY ON A PEACE OFFICER. This case has been referred to the Del Norte County District Attorneys Office for possible felony prosecution.

**NOTIFICATIONS:** The Administrative Officer of the Day, Associate Warden M. Cook was notified of this incident through the Watch Commander's Office. The Warden and all appropriate administrative staff were notified of this incident through the Watch Commander's Office. CCPOA Chapter President R. Newton was notified of this incident through the Watch Commander's Office. You will be notified of any changes, should they occur, through supplemental reports.

**OVERTIME:** There was no overtime incurred as a result of this incident.

| ☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1 | | Reviewed By: Facility Captain M. Foss | |
|---|---|---|---|
| NAME OF REPORTING STAFF (PRINT/TYPE) R. Tupy | TITLE Lieutenant | ID # N/A | BADGE # 55479 |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) 7953 | DATE 04/12/2007 |
| NAME OF WARDEN / AOD (PRINT/SIGN) ROBERT A. HOREL | | TITLE Warden | DATE |

# 83  21
'4 - 79    23
70  171

Incident number:    PBP-B08-07-04-0144

Inmates charged with a disciplinary offense related to this incident will not receive a copy of the CDC 837-B as part of the evidence for their disciplinary hearing.

Per the memorandum of June 11, 1998 CLARIFICATION OF REQUIRED REPORTS FOR CALIFORNIA DEPARTMENT OF CORRECTIONS FORM 115, RULE VIOLATION REPORT HEARINGS, it is not required that the inmate receive a copy of the 837-B as part of his prehearing documents. A list of the participants may be substituted. This is the list of participants authorized by that memorandum.

| | | | |
|---|---|---|---|
| BLOODSAW | P-20045 | TUPY, R. | Correctional Lieutenant |
| | | PEPIOT,A. . | Correctional Sergeant |
| | | CHAPMAN,C. . | Correctional Officer |
| | | HOLMES,T. . | Correctional Officer |
| | | NORTHRUP,L. . | Corrrectional Officer |
| | | SILVA,J. . | Correctional Officer |
| | | THOM,J. . | Correctional Officer |
| | | WADSWORTH,T. . | Correctional Officer |
| | | KEYS,J. . | MTA |

HF 84 22
5 80!
2
4

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
# PART C – STAFF REPORT
CDCR 837-C (Rev. 07/05)

| PAGE | 1 | OF | 1 | INCIDENT LOG NUMBER PBP-B08-07-04-0144 |
|---|---|---|---|---|

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Pepiot | A. | L. | 4-12-07 | 1855 Hours |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 370376 | Facility B Program Sergeant | 5 Years 06 Months | 4-12-07 | B 8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| F/S | 1400-2200 | Battery on Peace Officer | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY ☒ RESPONDER ☐ WITNESS ☐ VICTIM ☐ CAMERA | (s) C/O J. Thom    (s) MTA J. Keys <br> (s)C/O T. Holmes <br> (s) C/O L. Northrup <br> (s) C/O C. Chapman <br> (s) C/O T. Wadsworth | (s) BLOODSAW P-20045  B8-101L |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | CHEMICAL AGENTS USED BY YOU |
|---|---|---|
| ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE | NO:    ☐ MINI-14    ☐ 37 MM  NO:  TYPE: <br> ☐ 9 MM    ☐ 40 MM <br> ☐ 38 CAL    ☐ LB <br> ☐ SHOTGUN    ☐ 40 MULTI <br> ☐ HFWRS <br> ☒ N/A    ☐ BATON | TYPE: <br> ☐ OC <br> ☐ CN <br> ☐ CS <br> ☐ OTHER: <br><br> ☒ N/A |
| FORCE OBSERVED BY YOU <br> ☐ WEAPON ☐ PHYSICAL ☐ CHEMICAL ☒ NONE | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A <br> ☐ UNKNOWN <br> ☐ OTHER | ☐ YES ☒ NO |

NARRATIVE:

On Thursday, April 12, 2007, while assigned as the "B" Facility program Sergeant, I responded to an alarm in building B-8, at approximately 1855 hours. I arrived to find an inmate and three officers on the floor in the rotunda. The inmate later identified as BLOODSAW P-20045, housed in B-8 cell 101L was in a prone position being held down by Correctional officers J. Thom, T. Holmes and L. Northrup. C/O Thom was on BLOODSAW'S right side, C/O Holmes was on BLOODSAW'S left side and C/O Northrup was holding BLOODSAW'S legs. C/O C. Chapman placed leg irons on BLOODSAW'S legs. Thom and Holmes helped BLOODSAW to his feet where C/ O's Chapman and Wadsworth then took over the escort. BLOODSAW was then escorted to the B yard hobby shop and placed in holding cell number (1) one. Medical Technical Assistant J. Keys then performed a 7219 medical report on BLOODSAW. BLOODSAW was then taken to the (CTC) Correctional Treatment Center for further evaluation and released back to the yard to be re-housed. BLOODSAW was re-housed into B-7 cell 127L and CTQ'D Confined to Quarters pending placement into Administrative Segregation.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF A. Pepiot | TITLE Sergeant. | BADGE # 64308 | DATE 4-12-07 |
|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:  Original: Incident Package  Copy: Reporting Employee  Copy: Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (Rev. 07/06)

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|----|----|---------------------|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|------------|-------|----|----|----|
| HOLMES | T. | R. | 04/12/07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|--------|----------|------------------|----------------|----------------------|
| 371628 | B8 FLOOR OFFICER | 4 Years 5 Months | 04/12/07 | B8 ROTUNDA |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|-------|-----------|--------------------------------|--------------------|
| S/S | 1400-2200 | BATTERY ON A PEACE OFFICER | 3005 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES INVOLVED (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|-----------|----|----|----|----|
| ☐ PRIMARY | (S) C/O J. THOM | (S)C/O T. WADSWORTH | (S) BLOODSAW | (P20045, B8-101L) |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | (S) C/O L. NORTHRUP | (S) C/O J. SILVA | | |
| ☐ VICTIM | (S) C/O C. CHAPMAN | | | |
| ☐ CAMERA | (S) SGT. A. PEPIOT | | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | | | CHEMICAL AGENTS USED BY YOU | |
|-------------------|----|----|----|----|----|----|
| ☐ WEAPON | | NO: | | NO: | TYPE: | TYPE: |
| ☒ PHYSICAL | | | | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | | | ☐ OC | |
| ☐ NONE | ☐ 9 MM | ☐ 40 MM | | | ☐ CN | |
| | ☐ 38 CAL | ☐ L8 | | | ☐ CS | |
| **FORCE OBSERVED** | ☐ SHOTGUN | ☐ 40 MULTI | | | ☐ OTHER: | |
| **BY YOU** | | ☐ HFWRS | | | | |
| ☐ WEAPON | | ☐ BATON | | | | |
| ☒ PHYSICAL | ☒ N/A | | | | ☒ N/A | |
| ☐ CHEMICAL | | | | | | |
| ☐ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | | BIO HAZARD | PPE |
|---------------------------|---------------------|---------------------|----|----|----|
| ☐ YES | | ☒ N/A | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | | | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|-------------------------|-----------------------|--------------------------------------|----------------|----------------------------|
| ☒ YES | SPRAINED RIGHT RING FINGER | B-FACILITY MEDICAL CLINIC | ☐ BODILY ☒ N/A | ☒ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☐ UNKNOWN ☐ OTHER ___ | ☐ NO |

NARRATIVE:

ON THURSDAY, 4/12/07 AT APPROXIMATELY 1855 HOURS, WHILE CONDUCTING LEGAL MAIL ISSUE IN THE B8 FLOOR OFFICERS STATION, I ASKED CONTROL BOOTH OFFICER J. SILVA TO HAVE INMATE (I/M) BLOODSAW (P20045, B8-101L) REPORT TO THE OFFICE TO RECEIVE HIS LEGAL MAIL. I/M BLOODSAW REPORTED TO THE OFFICE AND APPEARED TO BE AGGITATED. I TOLD BLOODSAW TO SIGN FOR HIS LEGAL MAIL. BLOODSAW SAID "FUCK YOU WHITE MOTHERFUCKER. SUCK MY DICK". I/M BLOODSAW THEN SIGNED FOR HIS LEGAL MAIL. SENSING BLOODSAW'S AGGITATION, I ORDERED BLOODSAW TO RETURN TO HIS CELL. BLOODSAW BECAME VERBALLY ABUSIVE AND CONTINUED HIS VERBAL ASSAULT. CORRECTIONAL OFFICER (C/O) J. THOM SAID "YOU NEED TO TAKE IT BACK TO YOUR HOUSE" AND STOOD UP FROM HIS CHAIR INSIDE THE OFFICE. C/O J. THOM THEN BEGAN TO ESCORT BLOODSAW TOWARDS THE "A" SECTION DOOR. I THEN HEARD C/O J. THOM YELL "GET DOWN" FROM WHAT SOUNDED LIKE THE ROTUNDA AREA NEAR THE "A" SECTION DOOR. I IMMEDIATELY RESPONDED TO THE ROTUNDA NEAR THE "A" SECTION DOOR AND SAW I/M BLOODSAW STANDING IN A BLADED STANCE FACING C/O J. THOM. I SAW C/O J. THOM ATTEMPT TO GRASP BLOODSAW AROUND HIS UPPER TORSO AREA. I GRASPED BLOODSAW WITH MY LEFT HAND AROUND BLOODSAW'S LEFT

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|------------------------------|-------|---------|------|
| *T. Holmes* | C/O | 66538 | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|------------------------------------------------|---------------|------|------|------|
| A. Pepiot SGT *Pepiot* | 4-12-07 | | | |

Distribution    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1 – SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

| PAGE | 2 | OF | 2 | INCIDENT LOG NUMBER |
|------|---|----|----|---------------------|
|      |   |    |    | PBP-B08-07-04-0144  |

| NAME: LAST | FIRST | MI |
|------------|-------|-----|
|            |       |     |

TYPE OF INFORMATION

☒ CONTINUATION OF REPORT    ☐ ADDITIONAL INFORMATION    ☐ CLARIFICATION REQUEST

NARRATIVE

UPPER ARM AND PLACED MY RIGHT HAND (PALM OPEN) ONTO BLOODSAW'S UPPER BACK AREA. I SAW THAT C/O J. THOM HAD POSITIONED HIMSELF NEAR MYSELF AND I/M BLOODSAW. C/O J. THOM APPEARED TO HAVE AHOLD OF BLOODSAWS UPPER BACK AREA. USING A DOWNWARD PULLING MOTION WITH MY LEFT ARM AND STRENGTH, I PULLED BLOODSAW DOWN TO THE ROTUNDA FLOOR WITH THE HELP OF C/O J. THOM'S PULLING MOTION. AS WE BROUGHT BLOODSAW TO THE FLOOR, BLOODSAW WAS IN THE PRONE POSITION. I COULD FEEL BOTH OF BLOODSAW'S LEGS KICKING REPEATEDLY IN VERY FORCEFUL FORWARD AND BACKWARD MOTIONS AS HE WAS LAYING ON THE GROUND. I ORDERED BLOODSAW TO STOP KICKING. BLOODSAW DID NOT COMPLY WITH MY ORDERS AND CONTINUED TO KICK. I THEN RETRIEVED MY HANDCUFF RESTRAINTS AND ORDERED BLOODSAW TO "CUFF UP". BLOODSAW'S HANDS WERE POSITIONED NEAR HIS FACE AREA. BLOODSAW DID NOT COMPLY WITH MY ORDER TO CUFF UP AND USED HIS OWN STRENGTH TO MAINTAIN HIS HAND POSITIONING. I USED MY LEFT HAND TO GRAB AHOLD OF BLOODSAW'S LEFT WRIST AND USED A REAR PULLING MOTION TO GUIDE BLOODSAW'S LEFT ARM BEHIND HIS BACK. I APPLIED ONE HANDCUFF RESTRAINT TO BLOODSAW'S LEFT WRIST AND MAINTAINED CONTROL OF HIS LEFT LOWER ARM AREA WITH MY LEFT HAND. BLOODSAW WAS TRYING TO PULL HIS LEFT ARM BACK UP TOWARDS HIS FACE AREA IN A CLEAR ATTEMPT OF NON-COMPLIANCE, ALL THE WHILE STILL ATTEMPTING TO KICK. I LOOKED BACK AND SAW THAT C/O L. NORTHRUP HAD RESPONDED TO THE INCIDENT AND WAS NOW USING HIS BODY-WEIGHT TO MAINTAIN CONTROL OF BLOODSAW'S LOWER LEGS. I THEN SAW THAT C/O J. THOM HAD PULLED BLOODSAW'S RIGHT ARM BEHIND HIS BACK AND I WAS ABLE TO APPLY THE RIGHT HANDCUFF RESTRAINT ONTO BLOODSAW'S RIGHT WRIST AREA. I THEN SAW RESPONDING STAFF ARRIVING INTO THE B8 ROTUNDA AREA. I HEARD SERGEANT A. PEPIOT SAY TO TAKE BLOODSAW TO THE HOBBY SHOP. C/O J. THOM AND I STOOD BLOODSAW TO HIS FEET. C/O T. WADSWORTH AND C/O C. CHAPMAN THEN RELIEVED C/O J. THOM AND I ON THE ESCORT AND ESCORTED BLOODSAW OUT OF THE B8 ROTUNDA TOWARD THE B-YARD HOBBY SHOP. AFTER THE INCIDENT WAS COMPLETED, I REPORTED TO THE B-FACILITY MEDICAL CLINIC TO BE EVALUATED FOR AN APPARENT SPRAIN TO MY RIGHT RING FINGER, SUSTAINED AT AN UNKNOWN TIME DURING THE INCIDENT. THIS ENDS MY INVOLVEMENT IN THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | | DATE |
|------------------------------|-------|---------|---|------|
| *J. Thom* | C/O | 66538 | | 4/12/07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|-----------------------------------------------|---------------|----------|----------------------|------|
| A. Pepiot  SGT  *Pepiot* | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

Distribution:  Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

63 &7 175
25

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE _1_ OF _2_

| INCIDENT LOG NUMBER |
| --- |
| PBP-08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
| --- | --- | --- | --- | --- |
| Northrup | L | W | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- |
| 371620 | B-7 floor | 4 Years 10 Months | 4-12-07 | B-8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
| --- | --- | --- | --- | --- |
| 5/5 | 14-2200 | Battery on Peace Officer | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
| --- | --- | --- |
| ☐ PRIMARY | Sgt. A. Pepiot (S) | .......... |
| ☒ RESPONDER | C/o T. Holmes (S) | .......... |
| ☐ WITNESS | C/o J. Thom (S) | .......... |
| ☐ VICTIM | C/o C. Chapman (S) | .......... |
| ☐ CAMERA | C/o T. Wadsworth (S) | .......... |

FORCE USED BY YOU — WEAPONS AND SHOTS FIRED BY YOU

| FORCE USED BY YOU | NO: | NO: | TYPE: | CHEMICAL AGENTS USED BY YOU — TYPE: |
| --- | --- | --- | --- | --- |
| ☐ WEAPON | | | | |
| ☒ PHYSICAL | ☐ MINI-14 | ☐ 37 MM | | ☐ OC |
| ☐ CHEMICAL | ☐ 9 MM | ☐ 40 MM | | ☐ CN |
| ☐ NONE | ☐ 38 CAL | ☐ L8 | | ☐ CS |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ 40 MULTI | | ☐ OTHER: |
| ☐ WEAPON | | ☐ HFWRS | | ☒ N/A |
| ☒ PHYSICAL | | ☐ BATON | | |
| ☐ CHEMICAL | ☒ N/A | | | |
| ☐ NONE | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| ☐ YES | | | ☐ YES | ☒ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
| --- | --- | --- | --- | --- |
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: On 4-12-07 at approximately 1855 hours, I was working as B-7 floor officer. I was in B-8 talking with Correction Officer C/o T. Holmes while he was conducting legal mail pass when inmate (Ym) Bloodsaw, P-20045 came down to the office for his legal mail. C/o Holmes and C/o J. Thom also were counseling him on his behavior earlier in the day. As the conversation progressed, Bloodsaw became increasingly louder and beligerant while arguing. He began to yell obscenities at C/o Thom Stating "Suck my dick" and "fuck you". At this point C/o Holmes gave Bloodsaw a direct order to "take it back home". As Bloodsaw turned to go back to "A" section he continued

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
| --- | --- | --- | --- |
| L.U. Nh | C/o | 65647 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| A. Pepiot Sgr    A Pepiot | 4-12-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

29/76   28
884   26

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE _2_ OF _2_

INCIDENT LOG NUMBER
PBP-08-07-04-0144

NAME: LAST _Northrup_   FIRST _L_   MI _W_

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT   ☐ CLARIFICATION OF REPORT   ☐ ADDITIONAL INFORMATION

NARRATIVE: to yell obsenities so C/O Thom followed him out the door toward "A" section to ensure he went strait back to his cell. I began talking to C/O Holmes, still inside the office, when I heard C/O Thom yell "get down". I immediately ran out of the office behind C/O Holmes and observed C/O Thom and I/m Bloodsaw clenched together struggling. C/O Holmes was in front of me and grabbed Bloodsaws upper body area and assisted in taking Bloodsaw to the ground. While on the ground Bloodsaw continued resisting by kicking his feet up and down and back and forth. C/O Thom and C/O Holmes were struggling with Bloodsaws upper body so I grabbed his feet in an attempt to subdue them. Bloodsaw continued to attempt to kick me so I placed my full upper body weight on his legs. I heard C/O Holmes order Bloodsaw to "Cuff up", "Give me your arm" and continued to struggle before placing him in hand cuffs. As responding staff arrived I began yelling for someone to get me some leg irons. C/O C. Chapman then stepped forward and placed Bloodsaw in leg irons. I then heard sergeant A. Pediot say "get him up, take him to the hobby shop". C/O Holmes was on his left side with C/O Thom on his right side. they assisted Bloodsaw to his feet when C/O Chapman and C/O T. Wadsworth took over the escort. They escorted Bloodsaw out of B-8. this concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF _A.W. [signature]_   TITLE _C/O_   BADGE # _65647_   DATE _4-12-07_

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)   DATE RECEIVED   APPROVED ☐ YES ☐ NO   CLARIFICATION NEEDED ☐ YES ☐ NO   DATE

130 05 +76
84. 177 29

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDCR 837-C (Rev. 07/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| PAGE | 1 | OF | 2 | INCIDENT LOG NUMBER |
|---|---|---|---|---|
| | | | | PBP-B08-07-04-0144 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Thom | James | C | 4·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 271630 | B8 Activities | 15 Years / 1 Months | 4·12·07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | |
|---|---|---|---|---|
| S/S/H | 0600/1400 | Battery on a Peace Officer | 3005 (C) | ☐ |

**YOUR ROLE**
- ☒ PRIMARY
- ☐ RESPONDER
- ☐ WITNESS
- ☐ VICTIM
- ☐ CAMERA

**WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER)**
(S) P/O T. Holmes
(S) %o C. Chapman
(S) %o T. Wadsworth

**INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS)**
(S) I/m Bloodsaw P20045

**FORCE USED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**FORCE OBSERVED BY YOU**
- ☐ WEAPON
- ☒ PHYSICAL
- ☐ CHEMICAL
- ☐ NONE

**WEAPONS AND SHOTS FIRED BY YOU**

| | NO: | | NO: | TYPE: |
|---|---|---|---|---|
| ☐ MINI-14 | | ☐ 37 MM | | |
| ☐ 9 MM | | ☐ 40 MM | | |
| ☐ 38 CAL | | ☐ L8 | | |
| ☐ SHOTGUN | | ☐ 40 MULTI | | |
| | | ☐ HFWRS | | |
| ☒ N/A | | ☐ BATON | | |

**CHEMICAL AGENTS USED BY YOU**

| | TYPE: |
|---|---|
| ☐ OC | |
| ☐ CN | |
| ☐ CS | |
| ☐ OTHER: | |
| ☒ N/A | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES<br>☒ NO | ☒ N/A | ☒ N/A | ☐ YES<br>☒ NO | ☐ YES<br>☐ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☒ YES<br>☐ NO | Cut on right Hand and left wrist, Pain in right ☐ N/A Knee | ☐ N/A | ☐ BODILY ☒ N/A<br>☐ UNKNOWN<br>☐ OTHER: | ☒ YES<br>☐ NO |

**NARRATIVE:** On 4·12·07 at approximately 1855 hours Correctional Officer T. Holmes and I were attemping to issue inmate Bloodsaw his legal mail in the B8 officer station. I/m Bloodsaw seemed agitated when he entered the office. C/o Holmes and I both tried to counsel Bloodsaw on his earlier behavior. Bloodsaw was not receptive to the counseling and started yelling Fuck you, Fuck you you white motherfuckers, you can suck my dick. C/o Holmes gave Bloodsaw a direct order to take it back to his cell. Bloodsaw left the office still yelling and cussing. I was escorting Bloodsaw back to A section, when approximately 2 feet befor the section door Bloodsaw turned left into a bladed stance. I ordered

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| J. C. Thom | C/o | 45669 | 4·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Report S6r | 4-17-07 | ☐ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA                                DEPARTMENT OF CORRECTIONS AND REHABILITATION
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT                   PAGE __2__ OF __2__    INCIDENT LOG NUMBER
CDCR 837-C1 (Rev. 07/05)                                    PBP-D08-07-04-014

NAME: LAST                          FIRST                              MI
Thom                                James                             C

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE: Bloodsaw to get down, instead Bloodsaw took a step towards me. I grabbed Bloodsaw by the front of his shirt with my right hand and wrapped my left arm around his upper body pulling ~~down~~ Bloodsaw down with the help of C/O Holmes we placed Bloodsaw on the floor in a prone position. Bloodsaw continued to fight refusing numerous orders to cuff up. I pulled Bloodsaw's right arm behind his back so C/O Holmes could place Bloodsaw in Handcuffs. It should be noted that befor the leg irons were placed on Bloodsaw's legs he kicked me in the right knee. C/O's C. Chapman and T. Wadsworth escorted Bloodsaw to the Hobby shop. I was seen by medical staff for injuries to my hands and right knee a 7219 Form was completed. This ends my involvement in this incident

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

SIGNATURE OF REPORTING STAFF    TITLE    BADGE #    DATE
J. C. Thom                      C/O      45669      4.12.07

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)  DATE RECEIVED  APPROVED  CLARIFICATION NEEDED  DATE
                                                               ☐ YES ☐ NO  ☐ YES ☐ NO

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE 1 OF 2

INCIDENT LOG NUMBER: PBP-B0807-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| SILVA | J. | B. | 4-12-07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371580 | B8 Control | 4 Years __ Months | 4-12-07 | B8 Rotunda |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 1400-2200 | BATTERY ON PEACE OFFICER | 3005 (c) |

**YOUR ROLE:** WITNESS (X)

WITNESSES: (S) J. THOM, (S) T. HOLMES, (S) L. NORTHRUP, (S) C. CHAPMAN, (S) WADSWORTH

INMATES: (V) BLOODSAW P-20045

FORCE USED BY YOU: NONE (X)
FORCE OBSERVED BY YOU: NONE (X), N/A (X)

CHEMICAL AGENTS USED BY YOU: N/A (X)

EVIDENCE COLLECTED BY YOU: NO (X), N/A (X)

REPORTING STAFF INJURED: NO (X), N/A

FLUID EXPOSURE: N/A (X)

SCIF 3301/3067 COMPLETED: NO (X)

**NARRATIVE:**

ON 4-12-07, I WAS ASSIGNED AS B8 CONTROL BOOTH OFFICER. AT APPROXIMATELY 1855 HOURS, I OPENED CELL 101 WHO IS OCCUPIED BY INMATE BLOODSAW P-20045 TO COME TO THE OFFICERS' STATION TO PICK UP HIS LEGAL MAIL. BLOODSAW WAS USING PROFANITY (FUCK YOU, SUCK MY DICK) WHILE TALKING WITH OFFICERS; J. THOM, T. HOLMES AND NORTHRUP. AS BLOODSAW LEFT THE OFFICERS' STATION, OFFICER THOM WAS COUNSELING BLOODSAW ABOUT BEING DISRESPECTFUL AND YELLING. AS I WAS BY A SECTION CONTROL PANEL OPENING BLOODSAW'S CELL DOOR, I HEARD OFFICER THOM SAYING "GET DOWN!" THEN, I LOOKED DOWN INTO THE ROTUNDA AND I SAW OFFICER THOM WITH OFFICERS HOLMES AND NORTHRUP

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C1

SIGNATURE OF REPORTING STAFF | TITLE: C/O | BADGE #: 67266 | DATE: 4-12-07

TITLE OF REVIEWER: Sgt. | DATE RECEIVED: 4-12-07 | APPROVED: YES | CLARIFICATION NEEDED: NO

2633 88 30
79 92 180
2

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE 2 OF 2

| INCIDENT LOG NUMBER |
| PBP-B 08-07-04-0144 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| SILVA | J. | B |

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

ON THE GROUND TRYING TO CONTROL BLOODSAW. I IMMEDIATELY ACTIVATED MY PERSONAL ALARM AND WENT TO THE YARD DOOR PANEL AND OPEN THE YARD DOOR FOR RESPONDING STAFF TO ASSIST IN RESTRAINING BLOODSAW. OFFICER CHAPMAN ASKED ME FOR LEG RESTRAINTS WHICH HE APPLIED TO BLOODSAW'S ANKLES. AFTER BLOODSAW WAS IN RESTRAINS, HE WAS ESCORTED TO THE HOBBY SHOP ON B YARD BY OFFICERS; CHAPMAN AND WADSWORTH. THIS CONCLUDED MY INVOLVEMENT WITH THIS INCIDENT.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| | C/O | 67266 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | |

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __1__

INCIDENT LOG NUMBER
PBP-B08-07-04-014

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| CHAPMAN | C | J | 04·12·07 | 1855 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 371568 | B-5 Control | 4 Years 2 Months | 04·12·07 | BRAVO - 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ |
|---|---|---|---|---|
| S/S | 14·22 | BATTERY ON PEACE OFFICER | 3005 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | S) J. THOM C/o | S) BLOODSAW P-20045 |
| ☒ RESPONDER | T. HOLMES C/o | |
| ☐ WITNESS | L. NORTHRUP C/o | |
| ☐ VICTIM | T. WADSWORTH C/o | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|

FORCE USED BY YOU
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE

NO:
☐ MINI-14 _____
☐ 9 MM _____
☐ 38 CAL _____
☐ SHOTGUN _____

NO:    TYPE:
☐ 37 MM _____
☐ 40 MM _____
☐ L8 _____
☐ 40 MULTI _____
☐ HFWRS
☐ BATON

CHEMICAL AGENTS USED BY YOU
TYPE:
☐ OC _____
☐ CN _____
☐ CS _____
☐ OTHER: _____
☒ N/A

FORCE OBSERVED BY YOU
☐ WEAPON
☐ PHYSICAL
☐ CHEMICAL
☒ NONE
☒ N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ YES ☒ NO | ☐ YES ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES ☒ NO | ☒ N/A | ☒ N/A | ☐ BODILY ☒ N/A ☐ UNKNOWN ☐ OTHER: ___ | ☐ YES ☒ NO |

NARRATIVE: ON 04·12·07 AT APPROXIMATLY 1855 HOURS, I RESPONDED TO AN ALARM IN B-8. UPON ENTERING THE ROTUNDA I SAW AN INMATE LATER IDENTIFIED AS BLOODSAW P-20045 B8·101L ON THE GROUND IN RESTRAINTS. OFFICER J. THOM WAS HOLDING DOWN BLOODSAW'S UPPER BODY ON THE RIGHT SIDE OF BLOODSAW. C/O T. HOLMES WAS HOLDING DOWN BLOODSAW'S UPPER LEFT SIDE. C/O L. NORTHRUP WAS HOLDING DOWN BLOODSAWS LEGS. I PLACED LEG IRONS ON BLOODSAW AND C/O T. WADSWORTH AND I ESCORTED BLOODSAW TO B-HOBBY SHOP AND PLACED HIM HOLDING CELL NUMBER ONE. THIS CONCLUDES MY REPORT.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| C/o C. Chapman | C/o | 67045 | 04·12·07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| A. Tepidt SGT. / Tepidt | 4-12-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

# CRIME / INCIDENT REPORT
## PART C - STAFF REPORT
CDCR 837-C (Rev. 07/05)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: PBP-B08-07-04-0144

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| Wadsworth | T | P | 4-12-07 | 1855 |

| POST # 37/621 | POSITION B7 Floor #2 | YEARS OF SERVICE 12 Years 10 Months | DATE OF REPORT 4-12-07 | LOCATION OF INCIDENT B8 Rotunda |
|---|---|---|---|---|
| 271579 | | | | |

| RDO's S/S | DUTY HOURS 1400-2200 | DESCRIPTION OF CRIME / INCIDENT Battery on a Peace Officer | CCR SECTION / RULE 3005 (c) | ☐ |
|---|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | (S) J. Thom C/O | (S) Bloodsaw  P-20045 |
| ☒ RESPONDER | (S) T. Holmes C/O | B8-101L |
| ☐ WITNESS | (S) L. Northrup C/O | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS AND SHOTS FIRED BY YOU | | CHEMICAL AGENTS USED BY YOU |
|---|---|---|---|
| ☐ WEAPON | NO: | NO: TYPE: | TYPE: |
| ☐ PHYSICAL | | | |
| ☐ CHEMICAL | ☐ MINI-14 | ☐ 37 MM | ☐ OC |
| ☒ NONE | ☐ 9 MM | ☐ 40 MM | ☐ CN |
| FORCE OBSERVED BY YOU | ☐ 38 CAL | ☐ L8 | ☐ CS |
| ☐ WEAPON | ☐ SHOTGUN | ☐ 40 MULTI | ☐ OTHER: |
| ☐ PHYSICAL | | ☐ HFWRS | ☒ N/A |
| ☐ CHEMICAL | ☒ N/A | ☐ BATON | |
| ☒ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE: On Thursday, April 12th 2007 at approximately 1855 hours while working as B7 Floor Officer #2, I responded to a personel alarm in unit B8. As I entered the Rotunda area of B8, I observed three officers and one inmate on the floor next to holding cell number two. Officer J. Thom was holding the upper right [left] side of Inmate Bloodsaw P-20045 against the floor. Officer T. Holmes was holding the upper right [left] side of Bloodsaw against the floor. Officer L. Northrup was holding Bloodsaws legs down. I noticed that Bloodsaw had already been placed in handcuffs, when Officer C. Chapman placed leg restraints on Bloodsaw. Officer C. Chapman and myself escorted Bloodsaw out of the unit and placed him

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF T. Wadsworth | TITLE C/O | BADGE # 49538 | DATE 4-12-07 |
|---|---|---|---|

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) A. Rep. of Set / Report | DATE RECEIVED 4/12/07 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |
|---|---|---|---|---|

#36, 183
45

DEPARTMENT OF CORRECTIONS AND REHABILITATION

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDCR 837-C1 (Rev. 07/05)

PAGE ___2___ OF ___2___

INCIDENT LOG NUMBER
PBP-B08-07-04-0144

NAME: LAST
WADSWORTH,

FIRST
T

MI
P

TYPE OF INFORMATION:
☒ CONTINUATION OF REPORT     ☐ CLARIFICATION OF REPORT     ☐ ADDITIONAL INFORMATION

NARRATIVE:  INTO "B" FACILITIES HOBBIE SHOP AND INTO HOLDING
CELL NUMBER ONE

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | DATE |
|---|---|---|---|
| T. W— | C/O | 49538 | 4-12-07 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 4-17-07 | ☒ YES ☐ NO | ☐ YES ☐ NO | |

3037 18 4
92 46 34

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|
| PBSP | B 8 | (USE OF FORCE)   INJURY   UNUSUAL OCCURRENCE | | PRE AD/SEG ADMISSION | 1-12-07 |

| THIS SECTION FOR INMATE ONLY | NAME  LAST  Ricordson | FIRST  Theopric | CDC NUMBER  P20045 | HOUSING LOC.  B8-101 | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME  LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME  LAST | FIRST  MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS  CITY | STATE | ZIP | HOME PHONE | |

| PLACE OF OCCURRENCE  B8 Rotunda | DATE/TIME OF OCCURRENCE  4-12-07 / 1855 | NAME OF WITNESS(ES)  Custody Staff | | | |
|---|---|---|---|---|---|
| TIME NOTIFIED  1855 | TIME SEEN  1900 | ESCORTED BY | MODE OF ARRIVAL (circle)  LITTER   WHEELCHAIR  (AMBULATORY)   ON SITE | AGE  48 | RACE  B | SEX  M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"My Neck hurts"   "My Knee hurts"



| INJURIES FOUND? YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | (7) |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | 17 |
| | 18 |
| | 19 |

| O.C. SPRAY EXPOSURE? | YES / (NO) |
|---|---|
| DECONTAMINATED? | YES / (NO) |
| Self-decontamination instructions given? | YES / (NO) |
| Refused decontamination? | YES / (NO) |
| Q 15 min checks | N / A |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME  Bates RN / 1920 | PHYSICIAN NOTIFIED/TIME  N/a |
|---|---|

TIME/DISPOSITION
2010 / RETURNED to cell from CTC, (Non-CCCMS patient)

| REPORT COMPLETED BY/TITLE  (PRINT AND SIGN)  J. Keys / [signature] MTA | BADGE #  71765 | RDOs  M/T |
|---|---|---|

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)    DISTRIBUTION:    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS
CCCMS-NO   GPL  9193

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER |
|---|---|
| BLOODSAW | P-28045 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY   [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On Thursday, April 12, 2007 a decision was made to place you in the Administrative Segregation Unit (AD-SEG). The reason for your placement is while housed on Facility B you were charged with Battery on a Peace Officer. Specifically, you battered Correctional Officer J. Thom. Due to the lack of bed space in ( AD-SEG ) you will be confined to quarters until bed space is available. You were not placed into ( AD-SEG ) until  4-13-07  . You will remain in the Administrative Segregation Unit pending adjudication of a Rules Violation Report (RVR) for Battery on a Peace Officer.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)   [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:  /  /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 4-13-07 | R. TUPY | | LIEUTENANT |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 4-13-07 | | M. Morukk C/O | | C/O |

[ ] INMATE REFUSED TO SIGN    INMATE SIGNATURE    CDC NUMBER

## ADMINISTRATIVE REVIEW (PART B)
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | | |
|---|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [ ] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER   [X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE    INMATE SIGNATURE    DATE

### WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____ [ ] RETAIN PENDING ICC REVIEW [ ] DOUBLE CELL [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

**See chronological Classification Review document (CDC 128 - G) for specific hearing information**

State of California

# Memorandum

Date  :  May 4, 2007

<div align="center">

# DA REFERRAL
## (DETAINER)

</div>

To  :  M. D. Yax
Associate Warden
Central Services

From  :  Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA  95532-7000

Subject :  **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P20045,** committed the following violation of the California Penal Code Section:

**69**            **Resisting or Deterring an Officer**

**4501.5**      **Battery Upon a Person not a Prisoner**

As of May 4, 2007, this case was prepared for submission to the Del Norte County District Attorney's Office for further review and possible prosecution.

**Pelican Bay State Prison is not to release the above named inmate pending disposition of this case.**

The Del Norte County District Attorney's Office will notify Pelican Bay State Prison when their office issues a complaint or rejects this pending case.

If you have any questions, please contact the Court Liaison's Office at extension 9081 or 5526.


T. STEWART
Correctional Sergeant
Court Liaison Office

cc:    Facility Captain
Facility S&E
Records
Inmate
CLO File

# Memorandum

Date : June 7, 2007

## DA ACCEPTED

To : M. D. Yax
Associate Warden
Central Services

From : Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : **PBSP INCIDENT #PBP-B08-07-04-0144**

On April 12, 2007, inmate **BLOODSAW, P-20045,** committed the following violation of the
California Penal Code Section:

      **69**        **Resisting or Deterring an Officer**

      **4501.5**    **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte County District Attorney's Office for
possible prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:

      **COUNT I   4501.5 Battery Upon a Person not a Prisoner**

      **COUNT II  69**    **Resisting or Deterring an Officer**

You will be apprised of the outcome of this case.

T. STEWART
Correctional Sergeant
Court Liaison Office

cc:  Facility Captain
      Facility S&E
      Records
      Inmate
      CLO File

State of California
B 158

# Memorandum

Date  :  November 6, 2007

**DA DISMISS**
(AND DETAINER REMOVAL)

To  :  M. D. Yax
Associate Warden
Central Services

From  :  Department of Corrections and Rehabilitation
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject  :  **PBSP INCIDENT #PBP-B08-07-04-0144, CRPB07-5089**

On April 12, 2007, inmate **BLOODSAW, P-20045**, committed the following violation of the
California Penal Code Section:

    **69**        **Resisting or Deterring an Officer**
    **4501.5**     **Battery Upon a Person not a Prisoner**

On May 4, 2007, the case was presented to the Del Norte District Attorney's Office for possible
prosecution.

On May 29, 2007, the Del Norte County District Attorney's Office notified Pelican Bay State
Prison that their office issued a complaint charging the above named inmate with the following
violation of the Penal Code Section:

    **COUNT I**   **4501.5 Battery Upon a Person not a Prisoner**
    **COUNT II**  **69**    **Resisting or Deterring an Officer**

On November 6, 2007, the District Attorney's Office notified Pelican Bay State Prison that on
October 26, 2007, the case was dismissed by the court, and the above named inmate will not be
held to answer to the above charges.

The Court Liaison Office is no longer investigating the above named inmate. Please release the
Detainer placed by this office. Any pending disciplinary action should be completed and a
closure report prepared.

This closes our interest in this case. If you have any questions, please call my office at
extension 9081 or 5526.

T. STEWART
Correctional Sergeant
Court Liaison Office

    cc:   Facility Captain
           Facility S&E
           Records
           Security Squad
           Inmate
           OTC Desk
           CLO File

#7 43.
39   41

Space Below for use of Court Clerk Only

MICHAEL D. RIESE
DISTRICT ATTORNEY
450 H Street, #171
Crescent City, CA  95531
Telephone: (707) 464-7210

Attorney(s) for Plaintiff

**ENDORSED**
FILED

OCT 2 6 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE

450 H Street, Crescent City, CA

THE PEOPLE OF THE STATE OF CALIFORNIA /
/
v.                                       /    CASE NUMBER: **CRPB07-5089**
/
**THEOPRIC BLOODSAW**(P-20045)          /    **REQUEST FOR DISMISSAL**
/
            Defendant                    / Next Court Date: 11/1/2007

Request is made to dismiss this action for the following reason:

Interests of justice.

Dated: October 24, 2007

MICHAEL D. RIESE
DISTRICT ATTORNEY

By:    Katherine Micks
       Deputy District Attorney

### IT IS SO ORDERED

Dated:  OCT 2 6 2007

Robert W. Weir

Judge of the Superior Court

95·94
40 42

1                              PROOF OF SERVICE

2

3        I am a citizen of the United States and a resident of the

4   County of Del Norte.  I am over the age of eighteen years and not

5   a party to the within above entitled action; my business address is

6   450 H Street, Crescent City, California, 95531.

7        On October 24, 2007, I served the within **REQUEST FOR DISMISSAL**

8   in this action by delivering to and leaving with the following

9   persons in the County of Del Norte, State of California, a true

10  copy thereof, to wit:

11

12  Law Office of **George Mavris,** *via clerk's receptacle.*

13

14

15       I, H. Diane Collins, declare, under penalty of perjury that

16  the foregoing is true and correct.

17

18  Executed on October 24, 2007, at Crescent City, California.

19

20

21                                     H. Diane Collins

22

23

24

25

26

27

28





CHASER Pre Extracted Civil Docket as of February 27, 2003 9:25 pm
TERMED TRANSF

# U.S. District Court

| * Parties * | * Attorneys * |
|---|---|
| U.S. District for the Northern D<br>CIVIL DOCKET FOR C | strict of California (San Jose)<br>SE #: 00-CV-20505 |
| Bloodsaw v. Woodford Filed: 04/24/00<br>Assigned to: Judge Jeremy Fogel<br>Demand: $0,000 Nature of Suit: 530<br>Lead Docket: None Jurisdiction: Federal Question<br>Dkt# in other court: None | |
| Cause: 28:2254 Petition for Writ | of Habeas Corpus (State) |
| THEOPRIC KENT BLOODSAW<br>Plaintiff | Theopric Kent Bloodsaw<br>[COR LD NTC] [PRO SE]<br>Booking No. 7475221<br>BKS No. F1,7000 Dorm C-7196<br>441 Bauchet Street<br>Los Angeles, CA 90012 |
| v. | |
| J.S. WOODFORD, Warden<br>defendant | |

## Docket Proceedings

| Date | Doc # | Docket Entry |
|---|---|---|
| 04/24/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS (no process) Fee status ifpp entered on 4/24/00 () ; [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 04/24/00 | 1 | IN FORMA PAUPERIS AFFIDAVIT by Plaintiff Theopric Kent Bloodsaw for leave to proceed in forma pauperis [3:00-cv-01398] (ga) [Entry date 04/28/00] |
| 05/02/00 | 2 | DECLINATION to proceed before magistrate by Plaintiff Theopric Kent Bloodsaw [3:00-cv-01398] (ga) [Entry date 05/04/00] |
| 05/03/00 | 3 | ORDER by Mag. Judge Maria-Elena James of impending reassignment to a United States District Judge () (cc: all counsel) [3:00-cv-01398] (ga) [Entry date 05/05/00] |
| 05/10/00 | 4 | ORDER by Assignment Committee Case reassigned to Judge Jeremy Fogel referred to Judge Jeremy Fogel the affidavit motion for leave to proceed in forma pauperis [1-1] () (cc: all counsel) [3:00-cv-01398] (ga) |
| | | |

| 05/18/00 | 5 | ORDER by Judge Jeremy Fogel to transfer case to Dist of: Central District of California ; appeal filing ddl 6/26/00 ( Date Entered: 5/25/00) (cc: all counsel) [5:00-cv-20505] (gm) [Entry date 05/25/00] |
| 06/09/00 | 6 | RECEIPT from Central District of California [5:00-cv-20505] (gm) [Entry date 06/13/00] |
| 06/20/00 | 7 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) [Entry date 06/22/00] |
| 02/27/03 | 8 | LETTER from Theopric Kent Bloodsaw [5:00-cv-20505] (gm) |

[END OF DOCKET: 5:00cv20505]

HABEAS, CLOSED, TRANSF

# U.S. District Court
## California Northern District (San Jose)
### CIVIL DOCKET FOR CASE #: 5:04-cv-00752-JF
#### Internal Use Only

Bloodsaw v. Woodford et al
Assigned to: Hon. Jeremy Fogel
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 02/23/04
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Theopric K. Bloodsaw

represented by **Theopric K. Bloodsaw**
P20045
D4 CELL 106
California State - LAC
44750 60th St. West
Lancaster, CA 93536-7619
PRO SE

V.

**Defendant**

J. S. Woodford

N. Grannis

3/5/2004 11:19 AM

| Filing Date | # | Docket Text |
|---|---|---|
| 02/23/2004 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ IFPP) Filed by Theopric K. Bloodsaw. (lrd, COURT STAFF) (Filed on 2/23/2004) (Entered: 02/27/2004) |
| 02/23/2004 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Theopric K. Bloodsaw. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 02/23/2004 | 3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (gm, COURT STAFF) (Filed on 2/23/2004) (Entered: 03/02/2004) |
| 03/04/2004 | 4 | ORDER TRANSFERRING CASE to Central District of California Signed by Judge Jeremy Fogel on 3/4/2004. (gm, COURT STAFF) (Filed on 3/4/2004) (Entered: 03/05/2004) |

Filed

MAR – 4 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEOPRIC K. BLOODSAW,<br><br>        Plaintiff,<br><br>  vs.<br><br>J.S. WOODFORD, et al.,<br><br>        Defendants. | No. C 04-0752 JF (PR)<br><br>ORDER OF TRANSFER<br><br><br><br><br>(Doc # 2) |

This is a civil rights case brought pro se by a state prisoner. Plaintiff is currently incarcerated at California State Prison - Los Angeles County located in Lancaster, California. Plaintiff claims he is incarcerated illegally by the California Department of Corrections. Plaintiff was convicted in Los Angeles County in 1997. The Court construes Plaintiff's complaint as a petition for a writ of habeas corpus, challenging the legality of his conviction and sentence. Therefore, the instant case will be transferred to the Central District of California, the location of Plaintiff's conviction and his confinement. This case is therefore TRANSFERRED to the United States District Court for the Central District of California. See 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

46.
48.

1   In view of the transfer, the Court will not rule on Plaintiff pending motion for leave to

2   proceed in forma pauperis (doc # 2). The Clerk shall terminate all pending motions and

3   transfer the entire file to the Central District of California.

4          IT IS SO ORDERED.

5   DATED: _____

6                                                    JEREMY FOGEL
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Transfer
P:\pro-se\sj.jf\cr.04\Bloodsaw752trans (PS-1)          2

1   This is to certify that on _____3-4-04_____, a copy of this ruling
    was mailed to the following:

2

3   Theopric K. Bloodsaw
    P-20045
4   CSP - Los Angeles
    44570 60th
5   Street West
    Lancaster, CA  93536-7619
6

7

8

9

10

11

12

13,

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Transfer
P:\pro-se\sj.jf\cr.04\Bloodsaw752trans (PS-1)          3

48.
50

DEPUTY DAILY WORKSHEET    11/28/02 0111

STATION: LNX

UNIT: 31A    SHIFT: D   DATE: 11/08/02   0600 - 1400    CLASS: 2    TYPE: P

\# 470671 SATO BRADLEY J                           O/T:           O/T PA:
\# 260296 HOODYE SEAN C                            O/T:
VEH: SD2337    MILES: ( 39824 -> 39845 ) :  21        MOBILE: 15793
SPEC EQP: SG 9 TAZER 4

PORTABLES: 18472                          18473

ARRESTS /FEL-MA:        FA:      MJ:      FJ:      CITS/HZ:      NHZ:      PKG:
         /MSD-MA:       FA:      MJ:      FJ:

PATROL AREA/TIME: 06/252

TIME-SHIFT: 480   TT: 9    HDL: 209    WRT: 0      PTL: 252     UNALLOC: 10     RPTS:

INCIDENT ASSIGNMENTS:

| TAG# | CODE | DISP | ACK | ENRT | 10/97 | 10/98 | RD# | A | S | P | TT | HDL | WRT | URN |
|------|------|------|-----|------|-------|-------|-----|---|---|---|----|-----|-----|-----|
| 0037 | 924B | 0543 |     | 0600? | 0600? | 0700? | 0370 |   | O | R |    | 60  |     |     |

LOC: VEH PREP/BRIEF
CLR: 754  STATION SERVICE: Briefing

| 0056 | 931 | 0715 | 0718 | 0745 | 0745 | 0747 | 0371 |   | C | P |   | 2 |   |   |

LOC: 1358 97TH ST, LA
CLR: 772  Assist CHP
NARR: CHP ON SCENE CODE 4

| 0067 | 927H | 0817 | 0817 | 0821 | 0823 | 0831 | 0373 | 9 | P |   | 2 | 8 |   |   |

LOC: 10910 WILTON PL, LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT WANDA FB/A RE: 927H ...NO 927H C-4..

| 0068 | 902R | 0849 | 0849 | 0849 | 0856 | 0915? | 0373 | 9 | E |   | 7 | 19 |   |   |

LOC: 2041 CULLIVAN ST, LA
CLR: 212  DISORDERLY CONDUCT: Disturbing The Peace/Court Disturbances
NARR: CONT VERCIL FB/A RE: JAMES MARTIN NOT BREATHING. STA 14 ARRVD @TREATED JAMES PRNCD DEAD
     AT 0833HRS JAMES SUFFRED FRM CHRONIC EMPHASYMA.

| 0126 | 925 | 1157 |     | 1150? | 1200? | 1400? | 0372 |   | O | R |   | 120 |   |   |

LOC: CENTURYBL/LA SALLE AV, LA
CLR: 283  WARRANTS: Felony, In County
NARR: CONT THEO MB/A WAS COMBATIVE AGAINST US.CENTURY @ LASALLE STA 814 ARRVD TREATED THEO WE
     WENT TO CENTINELA HOSP FOR INJURIES...

CERTIFIED A TRUE AND CORRECT COPY
OF ORIGINAL MAINTAINED WITHIN FILES
OF THE LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT · LENNOX STATION 11/28/62

Det. _____ 274578
TITLE · NAME        EMPLOYEE NUMBER

49.

51

Report Date: 11/28/02                    UNIT HISTORY REPORT                    Page 1 of 2
                                              LENNOX

Unit: 31A         Shift: 2         Shift Date: 11/08/02
/0542* LOGON () ,X,,31A,D,110802,Y,2,0600,1400,470671,,,260296,,,39824,,SD2337,SG 9 TAZER
4,15793,18472,18473,,,,,,,,,,,,,, <000>
/0542* MDTON (470671) MDT01639 <000>
/0543* ** ASSIGN/D (470671) LNX02312-0037 R/924B VEH PREP/BRIEF <000>
/0543* 10/97 (470671) LNX02312-0037 <000>
/0711* 10/98 (470671) LNX02312-0037 <000>
/0711* CLEAR (470671) ,LNX02312-
0037,,754,,,,,,,,,,,0370,,,0600,0600,0700,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0715  ** ASSIGN/D (475469) LNX02312-0056 R/931 1358 97TH ST,LA
/0718* ACK (470671) LNX02312-0056 <000>
/0745* ENR (470671) LNX02312-0056 <000>
/0745* 10/97 (470671) LNX02312-0056 <000>
/0747* 10/98 (470671) LNX02312-0056 <000>
/0748* CLEAR (470671) ,LNX02312-0056,,772,,,,,,CHP ON SCENE CODE
4,,,,0371,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,,, <000>
/0759* INQ (470671) VEH,2EPW323,CA,,,,,,,,, <000>
/0800* INQ (470671) WANT9,,CA,HAVEN,DENNIS,,,,,,M,B,,,,042371,,,,,,,,,, <000>
/0800  HIT () IW S 470671 MDT0  ,CA0190099 ,HAVEN DENNIS  , M B  ,000 000 042371 000 CA ,
00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N HAVEN DENNIS VANBURE  ,M B 122371 600
240 BLK BRO ,LAM4 090502 $1174 ,1611 N SCHAR ST HOLLYWOOD CA  ,617471219420 RSTR A3887553
CA ,W M 40508A/VC M  ,4000A1X/VC I * ,4RWL898 CA  ,  ,
/0802  ACK (297076) HIT
/0813* INQ (470671) WANT9,,CA,BERRY,MARCUS,ANTJUAN,,,,,,M,B,,,,033181,,,,,,,,,, <000>
/0813  HIT () MKE/WANTED PERSON NAM/BERRY,RANDELL LARRY SEX/M RAC/B DOB/19820331 WGT/150
EYE/BRO HAI/BLK OLN/B600730488254 OLS/MI  OFF/DANGEROUS DRUGS
/0815  ACK (195863) HIT
/0815  INQ (195863) VEH,31A,,,,,,CA,,1FALP45XXTF145561,,,,,,,,,,,X
/0815  ACK (195863) RESP
/0816  ACK (195863) RESP
/0817  ** ASSIGN/B (475469) LNX02312-0067 P/927H 10910 WILTON PL,LA
/0817* ACK (470671) LNX02312-0067 <000>
/0821* ENR (470671) LNX02312-0067 <000>
/0823* 10/97 (470671) LNX02312-0067 <000>
/0831* 10/98 (470671) LNX02312-0067 <000>
/0842* INQ (470671) VEH,,CA,,,,,1FMZU32EXWZA29284,,,,X <000>
/0849  ** ASSIST/B (475469) LNX02312-0068 E/902R 2041 CULLIVAN ST,LA
/0849  CHGHDL (475469) LNX02312-0068,31D/D->31A/D
/0849  ACK (409547) LNX02312-0068
/0849* ENR (470671) LNX02312-0068 <000>
/0856* 10/97 (470671) LNX02312-0068 <000>
/0923* INQ (470671) VEH,2HMB760,CA,,,,,,,, <000>
/0927* INQ (470671) WANT9,,CA,BLOGSHAW,FLOYD,LEE,,,,,,M,B,,,,062458,,,,,,,,,, <000>
/0928* INQ (470671) WANT9,,CA,BLOODSHAW,FLOYD,LEE,,,,,,M,B,,,,062458,,,,,,,,,, <000>
/0929  HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/0929  ACK (277125) HIT
/1024* INQ (470671) WANT9,,CA,BLOODSHAW,THEOPRIC,,,,,,M,B,,,,062457,,,,,,,,,, <000>
/1024  HIT () IW S 470671 MDT0  ,CA0190099 ,BLOODSHAW THEOPRIC  , M B  ,000 000 062457
000 CA , 00000000 00000000 ,H 001 F 000 M 001 O 000 00 ,  N BLEDSOE WILLIAM T JR  ,M X

50.
52

UNIT HISTORY REPORT
                                 LENNOX

Unit: 31A        Shift: 2    Shift Date: 11/08/02
010454 511 195 BRO BRO ,COM4 082602 $277 ,2358 R 21ST ST SGH CA ,SD10539619800 RSTR
B0306426 CA ,W M 8537/PC M ,640B1/PC M ,PED CA , ,
/1024 HIT () SEARCH REVEALS: HIT MADE ON NAM/BLOODSHAW,THEOPRIC KENT ** ARMED AND
DANGEROUS ** **ARMED AND DANGEROUS** FELONY WARRANT 5011 PAROLE VIOL
NAM/BLOODSHAW,THEOPRIC KENT 19570624 M B 506 150 BLK BRO POB/LA BAIL/NO BAIL
FCN/7040224901563 NIC/W083192088 ENTERED/CALIF-NCIC CII/A08953256 FBI/496721PA9
                              IMMEDIATELY CONFIRM WITH CA034035G DEPT OF CORR-
ID/WARRANTS MNE/CRN0 TELEPHONE 916 445-6713   CHECKING NCIC   INQUIRY MADE TO
RESTRAINING ORDER SYSTEM
/1024 HIT () HIT MADE ON NAM/BLOODSHAW,THEOPRIC K HIT # 001 DO NOT ARREST OR DETAIN BASED
  SOLELY ON THIS RESPONSE CDC PAROLE RECORD NAM/BLOODSHAW,THEOPRIC K 19580624 M B 506 150
BRO BLK  OLN/N9672705 HOME CITY/LOS ANGELES PRIMARY OFFENSE/H11350A DISCHARGE
DATE/99999999 AGENCY/CA DEPT OF CORRECTIONS MISC/PRIOR TO RELEASE, CONTACT AGEN T OR ID
WARRANTS AT (916)445-6713 P OSSIBLY AT LARGE MAY BE ADDITIONAL INFO FROM DOJ VCIN AT 916
227-4736 NUMBER OF PRIOR CONTACT MSGS/ 0 SEND CONTACT MESSAGE IDENTIFYING CO
/1024 HIT () MKE/WANTED PERSON - CAUTION NAM/BLOODSHAW,THEOPRIC KENT SEX/M RAC/B POB/LA
DOB/19570624 WGT/150 EYE/BRO HAI/BLK FBI/496721PA9 OFF/PAROLE VIOLATION - SEE MIS
/1025 ACK (277125) HIT
/1025 ACK (277125) HIT
/1025 ACK (277125) HIT
/1025 ACK (277125) HIT
/1156* URN REQUEST (470671) X,4,0399,053,CR,S,BLOODSHAW,THEOPRIC,KENT,,M,B,,, <000>
/1157 URN () 402-11595-0399-053
/1157* ** ASSIGN/D (470671) LNX02312-0126 R/925 CENTURYBL/LA SALLE AV,LA <000>
/1157* HOLD (470671) LNX02312-0068 <000>
/1157* 10/97 (470671) LNX02312-0126 <000>
/1433* 10/98 (470671) LNX02312-0068 <000>
/1433* CLEAR (470671) ,LNX02312-0068,,212,,,,,,CONT VERCIL FB/A RE: JAMES M,ARTIN NOT
BREATHING. STA 14 ARRV,D @TREATED JAMES PRNCD DEAD AT 0,833HRS JAMES SUFFRED FRM
CHRONIC,EMPHASYMA.,0373,,,,,0915,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1435* CLEAR (470671) ,LNX02312-0067,,212,,,,,,CONT WANDA FB/A RE: 927H ...,NO 927H C-
4.,,,,0373,,,,,,,,,,,,,,,,,,,,,, <000>
/1440* 10/98 (470671) LNX02312-0126 <000>
/1440* CLEAR (470671) ,LNX02312-0126,,283,,,,,,CONT THEO MB/A WAS COMBATIVE,AGAINST
US.CENTURY @ LASALLE ST,A 814 ARRVD TREATED THEO WE WENT,TO CENTINELA HOSP FOR
INJURIES.,...,0372,00,,1150,1200,1400,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, <000>
/1442* CHGENDMILES (470671) 000000 -> 39845 <000>
/1442* CHGPATROL (470671) /000 -> 06/252 <000>
/1442* LOGOFF (470671) <000>
/1442* MDTOFF (470671) <000>

51.
53

*Discovery 2*

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

FELONY COMPLAINT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT AND THAT THIS COMPLAINT, CASE NUMBER YA053506, CONSISTS OF 3
COUNT(S).


Executed at INGLEWOOD, County of Los Angeles, on November 13, 2002.


_____

DECLARANT AND COMPLAINANT


.............................................................................................................................................................

STEVE COOLEY, DISTRICT ATTORNEY

BY: _____
VICTORIA L. ADAMS, DEPUTY


AGENCY:  LASD - LENNOX       I/O: MARK DET.         ID NO.: 274578    PHONE : 310-671-7531
         PATROL                   RENFROW
DR NO.:  402-11595-0399-053  OPERATOR: DCS          PRELIM. TIME EST.:  2 HOUR(S)


| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| BLOODSAW, THEOPRIC KENT | 008953256 | 6/24/1957 | 7475221 | $220,000 | 11/13/2002 |


Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense
counsel provide discovery to the People as required by Penal Code Section 1054.3.

*58*

## FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

<u>THEOPRIC KENT BLOODSAW</u>

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|-----------|--------|--------------|--------------------|--------------| 
| 1 | PC 245(c) | 3-4-5 | | |
| 2 | PC 243(c)(2) | 16-2-3 | | |
| 3 | PC 422 | 16-2-3 | | |
| | | | PC 1170.12(a)-(d) | MSP Check Code |
| | | | PC 667(a)(1) | +5 yrs per prior |
| | | | PC 667.5(b) | +1 yr. per prior |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

THEOPRIC KENT BLOODSAW                    _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

THEOPRIC KENT BLOODSAW                    _____ in Dept _____

at: _____ A.M.

Date: _____              _____

                                   *Committing Magistrate*

*HG 45*
*44 54*
*56*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br><br>v.<br><br>01 THEOPRIC KENT BLOODSAW (6/24/1957) (Bk#<br>7475221),<br>   aka JONATHON BLEDSOE,<br>   aka KENT THEOPRIC,<br>   aka LARRY BOWMAN,<br>   aka MARK BLOODSAW,<br>   aka THEO BLOODSAW,<br>   aka THEOPRIC BLOODSHAW,<br>   aka THEOPRIC BLOODSOE<br><br>Defendant(s). | CASE NO. YA053506<br><br><br>*I N F O R M A T I O N*<br><br>Arraignment Hearing<br>Date: 12/18/2002<br>Department: SW G |

## INFORMATION
## SUMMARY

| Ct.<br>No. | Charge | Charge<br>Range | Defendant | Special<br>Allegation | Alleg.<br>Effect |
|---|---|---|---|---|---|
| 1 | PC 245(c) | 3-4-5 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 2 | PC 243(c)(2) | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667(a)(1)<br>PC 667.5(b) | MSP Check Code<br>+5 yrs per prior<br>+1 yr. per prior |
| 3 | PC 422 | 16-2-3 | BLOODSAW, THEOPRIC KENT | PC 1170.12(a)-(d)<br>PC 667.5(b) | MSP Check Code<br>+1 yr. per prior |

The District Attorney of the County of Los Angeles, by this Information alleges that:

H7 55
50 46
57

COUNT 1

On or about November 8, 2002, in the County of Los Angeles, the crime of ASSAULT UPON PEACE OFFICER OR FIREFIGHTER, in violation of PENAL CODE SECTION 245(c), a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully commit an assault with a deadly weapon and instrument and by force likely to produce great bodily injury upon the person of DEP. SEAN HOODYE when said defendant(s), THEOPRIC KENT BLOODSAW knew and should have known that said person was a peace officer then and there engaged in the performance of his/her duties . "NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)." "NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal Code section 296.  Willful refusal to provide the specimens and samples is a crime."

\* \* \* \* \*

COUNT 2

On or about November 8, 2002, in the County of Los Angeles, the crime of BATTERY WITH INJURY ON A PEACE OFFICER, in violation of PENAL CODE SECTION 243(c)(2), a Felony, was committed by THEOPRIC KENT BLOODSAW, who did unlawfully use force and violence and inflict an injury upon the person of DEP. BRAD SATO when said defendant(s), THEOPRIC KENT BLOODSAW knew and reasonably should have known that said person was a peace officer then and there engaged in the performance of duty. "NOTICE:  Conviction of this offense will require you to provide specimens and samples pursuant to Penal Code section 296.  Willful refusal to provide the specimens and samples is a crime."

\* \* \* \* \*

H8 47
54 56
58

COUNT 3

On or about November 8, 2002, in the County of Los Angeles, the crime of CRIMINAL THREATS, in violation of PENAL CODE SECTION 422, a Felony, was committed by THEOPRIC KENT BLOODSAW, who did willfully and unlawfully threaten to commit a crime which would result in death and great bodily injury to DEP. SEAN HOODYE, with the specific intent that the statement be taken as a threat.    It is further alleged that the threatened crime, on its face and under the circumstances in which it was made, was so unequivocal, unconditional, immediate and specific as to convey to DEP. SEAN HOODYE a gravity of purpose and an immediate prospect of execution.    It is further alleged that the said DEP. SEAN HOODYE was reasonably in sustained fear of his/her safety and the safety of his/her immediate family.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) as to count(s) 1, 2, and 3 that said defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|--------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |

It is further alleged as to count(s) 1 and 2 that said defendant(s), THEOPRIC KENT BLOODSAW, was on and about the 27TH day of DECEMBER, 1989, in the SUPERIOR Court of the State of CALIFORNIA, for the County of LOS ANGELES, convicted of a serious felony, to wit: 1ST DEGREE BURGLARY, in violation of section 459 of the PENAL Code, case BA004642 within the meaning of Penal Code Section 667(a)(1).

It is further alleged as to count(s) 1, 2, and 3 pursuant to Penal Code section 667.5(b) that the defendant(s), THEOPRIC KENT BLOODSAW, has suffered the following prior conviction(s):

H4 48 :
52 59

| Case No. | Code/Statute | Conv. Date | County of Court | State | Court Type |
|----------|-------------|------------|-----------------|-------|------------|
| BA004642 | PC 459 | 12/27/1989 | LOS ANGELES | CA | SUPERIOR |
| YA034031 | H&S 11350 | 10/07/1997 | LOS ANGELES | CA | SUPERIOR |

and that a term was served as described in Penal Code section 667.5 for said offense(s), and that the defendant(s) did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term.

\* \* \* \* \*

THIS INFORMATION CONSISTS OF 3 COUNT(S).

    STEVE COOLEY
    DISTRICT ATTORNEY
    County of Los Angeles,
    State of California

BY: _____
        LAURIE BLAUSTEIN
        DEPUTY DISTRICT ATTORNEY          Filed in Superior Court,
                                          County of Los Angeles

/DCS                                      DATED: _____

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

```
LEGAL STATUS SUMMARY   TYPE-   D     PSP        **DISCREPANT**  03/04/2005 21:40
```

**INMATE'S COPY**

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| P20045 | BLOODSAW,THEOPRIC,KENT | BLA | 06/24/1958 |

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 06/11/2003 | 11/27/2023 | 11/24/2019 | 11/27/2023 cx | 11/24/2019 cx |

```
                                                   | PAROLE PERIOD
BASE TERM 10/00 + ENHCMNTS  11/04 = TOT TERM 21/04 | 3 YRS
```

```
PRE-PRISON + POST SENTENCE CREDITS
CASE     P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT

YA053506    185                                       92            28   305
```

```
REGISTRATION REQUIRED PER H11590
PC296 DNA COMPLETED
```

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |
|---|---|---|---|---|---|

CONTROLLING PRINCIPAL & CONSECUTIVE    (INCLUDES ENHANCEMENTS/OFFENSES):

```
--CONTROLLING CASE --
6/11/2003  LA    YA053506    5/13/2003  NO STRIKES: 2
                  01 P667.5(B) PPT-NV                    3
                  01 P667(A)    01 PFC SERIOUS            3
     01 P245(C)   ADW ON PO OR FIREMAN                   3      11/08/2002
                  (U)WPN
     02 P243(C)(2) BATT ON PO                    CS      3      11/08/2002
                  (U)WPN
     03 P422      TERRORIST THREAT               CS      3      11/08/2002
     04 P203      MAYHEM                         CS      3      11/08/2002
                  ATT
     05 P203      MAYHEM                         CS      3      11/08/2002
                  ATT

NON-CONTROLLING OFFENSES:
11/24/1998  LA    YA034031    11/16/1998
     01 H11350A   POSS CONTROL/SUB                       1      08/15/1997
                  PR
```

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | D A Y S ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|

```
BEG 11/24/1998          ******BEG BAL*******
ADD 06/11/2003          YA053506
BCL 10/23/2003          IV3100472 3062(H)        30   30
ADD 06/11/2003          YA053506
     CURRENT PC BALANCE:     0        CURRENT BC BALANCE:   1464

        ****** CONTINUED ******
```

LEGAL STATUS SUMMARY -- CONTINUATION PAGE

---

| CDC NUMBER | NAME |
|---|---|
| 459 P20045 | BLOODSAW, THEOPRIC, KENT |

---

INMATE'S COPY

DEPARTMENT OF CORRECTIONS
CALIFORNIA MEN'S COLONY
SAN LUIS OBISPO, CA 93409

GRAY DAVIS, Governor



HEALTH INFORMATION SERVICES
CALIFORNIA MEN'S COLONY
P O BOX 8101
SAN LUIS OBISPO CA 93409-8101

TO: *Theophie K Bloodsaw*
*SS # 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*

RE:   NAME: *Theophie R. Bloodsaw*
CDC#: *E40947 – archives 2-12-96*
SSN#: *P20045 – Reg # 8-9-02*
DOB: *6-24-58*
*6-24-58*

Receipt of a request for medical information on the above patient is acknowledged. Any items checked below are applicable to this request:

1. _____ The above-named inmate is no longer housed at this institution. He is currently at _____

_____

2. _____ The above-named inmate's medical records have been sent to his paroling region:

—— Region I, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742. *Ste P*

—— Region II, P&CSD Case Records - North, 2015 Aerojet Rd, Rancho Cordova, CA, 95742, *Ste P*

✗ Region III, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

—— Region IV, P&CSD Case Records - South, 9160 Cleveland Avenue, Suite 101, Rancho Cucamonga, CA, 91730.

—— California Correctional Facility, Aeorjet Campus, 2015 Aerojet Rd, Rancho Cordova, CA, 95742.

3. ✗ The inmate has been discharged from the Department of Corrections. His records are stored in our Archives Unit. Their address is:  *Ste E*

California Department of Corrections
Departmental Archives Unit
Aeorjet Campus
2015 Aerojet Rd   *Ste O*
Rancho Cordova  CA  95742

Your request has been forwarded to the inmate's current institution, paroling region offices or Archives Unit. For future reference, make note of the address checked above and send all further inquiries to that institution.

Sincerely,

Health Information Services,
Correspondence

*Mr. Bloodsaw, under cdc # E40947 your records were sent to archives when you were discharged from parole in 2-96. Under cdc# P20045 your records were forwarded to your parole region III. I have forwarded your request to both places so that you will receive records for them both.*

*Thank you, HRT I*

medcorre.doc:rb:98



STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
                                                                              CDC-128 A (8-87)

**NAME and NUMBER**     BLOODSAW              P-20045        **CELL:**  AF04-223U

On 04/01/04, at approximately 1700 hours, while I was assigned as the AF-4 Control Booth Officer, I was informed by A-Facility Program Sergeant J. Diggle that I needed to empty a cell. Sergeant Diggle gave me a list of compatible inmates. On the list were inmate BLOODSAW, P20045, AF4-223 and inmate HALE, K-55936, AF4-230. At approximately 1750 hours I opened cell AF4-223 and cell AF4-230. BLOODSAW and HALE walked down to the C-Section dayroom. I informed both inmates I needed to make a empty cell. HALE stated, "No way" and walked back to his assigned cell. BLOODSAW stated, "You're trying to set me up" and walked back to his assigned cell. General population inmates at P.B.S.P. are required to comply with P.B.S.P. housing expectations. It is the expectation that compatible inmates housed in general population double cell. Both BLOODSAW and HALE are non-affiliated black inmates.

This disciplinary was originally written by Correctional Officer J. Holz as a CDC 115 for FAILURE TO MEET PROGRAM EXPECTATIONS. Prior to being classified I reduced it to a CDC 128A in the interest of justice. This is in keeping with the progressive disciplinary process.

ORIG    :    C-File
cc      :    AWC File

                                                    R. K. Bell
                                                    Correctional Lieutenant

**DATE**    04-06-04                                      **PBSP**                    **CUSTODIAL**

                                    *I'm COPY*

NO:  P-20045
Custody:  CLO BS  114
RelDate:  EPRD  12/24/19

NAME:  BLOODSAW, Theopric
CS:  87 (IV)    C/C EFF 8/3/05
Reclass:  6/2006

HSG:  A2-109L

Assignment:  U/A
Action:  AFFIX "S" SUFFIX; RETAIN C/C

x3

Inmate Bloodsaw appeared before PBSP FAC A UCC on this date for Program Review. Prior to Committee, D. Melton was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: CCCMS level of care, and S's current RGPL is 4.0 or less. Committee effectively communicated with S as noted: Short sentences using simple English. Committee noted S has an RGPL of 3.3. Effective communication was achieved, and S appeared to understand. This Program Review is being held for the two following reasons: (1) Review for "S" suffix placement; and (2) Address prior D1/D and/or C/C status. S was asked if he was willing to take a cellie and program, and S stated, "No." Committee noted S has no cellmate and the "S" custody suffix has not previously been applied. **Committee acts to affix the "S" suffix, due to S adamantly refusing to take a cellie and program.** S was advised that the "S" suffix can be taken off when he decides to program and adhere to CDC rules and regulations of double celling. Committee notes that ICC of 6/22/05, assigned S to WG/PG D1/D when placed in AD-SEG. Per memo of 9/17/04, any I/M who is placed in AD-SEG while on C/C status shall be assigned to WG/PG D2/D. This shall be assigned whether or not the move was adverse or non-adverse. **Committee acts to clear this error and make S D2/D effective 6/10/05 through 8/2/05, then C/C 8/3/05 until present UCC.** As S is adamantly refusing to program, **Committee acts to retain S on WG/PG C/C. Committee further acts to continue custody level at CLO BS, with WG/PG C/C effective 8/3/05.** S participated in Committee, acknowledged understanding, and agreed with Committee action, stating, "I refuse to take a cellie. I'm telling you straight up, I'm a Crip." S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC Form 128G Classification chrono or not. Next scheduled Committee will be in 6/2006, for Annual Review.

CHAIRPERSON:  D. SWEARINGEN/FC(A)

S. WALCH/CCII(A)

RECORDER:  M. THORNTON/CCI

CC:  ☐OBIS    ☐CSR    ☐IGI    ☐PSYCH    ☐MED    ☐C&PR    ☐OTHER _____
Committee Date:  10/18/05              (THORNTON/jw)        Classification              FAC-A  UCC/REVIEW

☒128-C2 in C-file
Inst: PBSP

orig.

NO: P-20045    NAME: BLOODSAW, Theopric    Housing: B8-209
Custody: CLO BS    CS: 93 (IV)    C/C Eff. 07/14/04    Assignment: VUN
RelDate: EPRD 12/24/2019    Reclass: 10/25/06    Action:    PLACE IN BMU PROGRAM FOR 90 DAYS, ON
STEP 1 OF ITP FOR 30 DAYS. CONTINUE C/C
EFFECTIVE 07/14/06.

Inmate Bloodsaw appeared before PBSP FAC B BMU UCC on this date for Annual/Initial Review. Committee notes CDC 128C, Madrid Exclusionary chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File. Prior to Committee, Correctional Counselor I Webster was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reasons: most current RGPL under 4.0. Committee notes S has an RGPL of 3.3. Effective communication was achieved using short sentences and simple English, and S appeared to understand. Committee notes S's reason for Behavior Modification Unit (BMU) placement is due to: S was deemed a program failure defined by the CCR, Title 15, Section 3000. S is determined to be compatible with another inmate and refuses to voluntarily double cell, or refuses to participate in the racial integration policy as defined in the Johnson v. State of California settlement agreement. UCC notes latest RVR dated 03/28/05 for Refusal to Obey Orders (refused a celimate). The Director's rules, PBSP expectations, and specific privileges and non-privileges of WG/PG C/C were thoroughly explained. Grooming standards and PBSP expectations were discussed and S stated he was willing to comply. Committee notes S has one new 115 this review period; fro Refusal to Obey Orders dated 02/23/06 (S refused to return to his assigned cell). Placement score is increased by 2 points to a current Level IV score of 93 points. Mandatory score of 19 is noted for VIO. S was advised to notify staff immediately of any enemy situation which may arise. Committee noted S has no cellmate, and the "S" suffix has previously been applied. S is approved for 270 design facilities. There have been changes in S's commitment case factors since Initial Classification chrono dated 03/02/04. **Committee acts to place S into the BMU program for 90 days and place on step # 1 of Individual Treatment Plan (ITP) for 30 days. S was advised of his ITP which includes the basic requirement that he remain disciplinary free for 90 days prior to any consideration for his release from BMU and his completion of the selected behavior modification assignments. Continue WG/PG C/C status effective 07/14/06, and continue at CLO BS custody. Committee also acts to retain "S" suffix due to UCC action dated 10/18/05. S adamantly refused to double cell. UCC notes S is reviewed and cleared for double celling although he refused to double cell.** S participated, acknowledged understanding, and disagreed with Committee action, stating "I won't take a cellie because of legal work and medical issues. I am here illegally. I am disabled, I have spine issues." UCC stated single cell status is not a ADA issue. S continued stating, "There is nothing wrong with me. I know what I am doing, but I am disabled. I could not care about the US." UCC stated you have to appeal to the courts. S lastly stated "I have been discriminated against as a Black man." UCC notes S walked unassisted to UCC, sat upright, straddling a chair, and did not grimace when he stood back up to exit the Committee room. S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 complied with. S was advised of Committee's decision and his right to appeal. The inmate has been advised that any appeal of this committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128-G classification chrono or not. Next scheduled Committee will be on 10/25/06 for Program Review.

CHAIRPERSON:    M. FOSS/AC    J. ROBERTSON/CCII    S. ROBERTS/EDUCATION    RECORDER: D. MELTON /CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date:    09/21/06    (MELTON/ew)    Classification    FAC-B BMU UCC    INITIAL REVIEW    Inst: PBSP

CDC 128G (Rev. 12/91)

NO: P-20045       NAME: BLOODSAW, Theopric       BED/CELL: B8 –209
Custody: CLO B      CS: 93 (IV)      C/C EFF: <u>07/14/04</u>     Assignment: BMU
RelDate: EPRD 12/24/2019            Reclass: 01/31/07      **Action:**    **REAFFIRM BMU PLACEMENT. RETAIN STEP # 1 OF ITP FOR 30 DAYS. CONTINUE WG/PG C/C EFFECTIVE 07/14/04. D/C CLEAR.**

Inmate Bloodsaw appeared before PBSP FAC B Behavior Modification Unit (BMU) UCC on this date for 30 day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has RGPL of 3.3. Committee notes S has RGPL of 3.5. Prior to Committee Correctional Officer Thom was assigned as staff assistant and was present during Committee. The staff assistant was assigned for the following reason: S's current RGPL is 4.0 or less. Effective communication was achieved using short sentences and simple English, and S appeared to understand. S was advised to notify staff immediately of any enemy situation that may arise. Grooming standards and Pelican Bay State Prison (PBSP) BMU expectations were discussed. S can be housed with Black ethnic groups. Committee notes S is cleared for double celling per PBSP's current double celling criteria, although he refuses to accept a cellie. S is approved for 270' design facilities. Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure per the CCR, Title 15, Section, 3000.** Committee notes S has received RVR's dated 12/12/06, 12/15/06, 12/26/06, and 212/29/06, for Refusing to Participate in BMU classes during this 30 day period. S has failed to meet the necessary requirements of Step # 1; therefore, is not eligible to graduate to Step # 2. **Step # 1 Privileges** include, but are not limited to:

❖ WG/PG C/C status.

❖ Emergency telephone call only.

❖ One-quarter the monthly canteen draw allowance, not to exceed $ 45.00.

❖ A minimum of 10 hours out-of-cell time per week, which includes, dayroom, workshops (ITP classes), and self-help group activities as limited by physical design and local institution security and facility needs.

❖ Non-contact visits, if eligible; and with approved visitors only.

❖ If the inmate meets the goals of the ITP he will graduate to step # 2.

**Committee acts to reaffirm S's placement in the BMU program and retain Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee further acts to continue WG/PG C/C status effective 07/14/04, and continue at CLO B custody.** S was reviewed and cleared for double celling, noting no history of in-cell violence. S participated in Committee, acknowledged understanding, and disagreed with Committee action, stating "I am nobody's child. I am 48 years old. I'm not going to the classes; I have a choice not to go!" S has been advised that he must remain disciplinary free and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the general population (GP). S's case will be reviewed by UCC, in approximately 30 days for future program modifications. S is eligible to work around computers, computer systems, or to be in areas that may have access to personal information, per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 has been complied with. S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDC form 128G, classification chrono, or not. Next scheduled 30 day Program Review will be on 01/31/07. Next scheduled Annual Review will be in 06/07.

CHAIRPERSON: J. ROBERTSON/FC (A)      J. BROWMAN/CCII (A)      S. ROBERTS/EDUCATION      RECORDER: D. MELTON/CCI

☐ OBIS ☐ CSR ☐ IGI ☐ PSYCH ☐ MED ☐ OTHER_____

Committee Date: 01/03/07     (MELTON/ew)     Classification      **BMU/UCC**      **PROGRAM REVIEW**     Inst: PBSP

**CDCR#: P-20045**  **NAME: BLOODSAW, Theopric**
Custody: CLOB    CS: 93 (IV)
Rel Date: EPRD 12/24/2019    C/C Eff. 07/14/04
Reclass: 02/27/07

**Housing: B8-209L**
Assignment: BMU STEP #1
**Action:    REAFFIRM BMU PLACEMENT**
**90 DAYS. RETAIN ON STEP # 1**
**30 DAYS. CONTINUE WG/PG**
**C/C EFF. 07/14/04.   D/C CLEAR**

Inmate **Bloodsaw** refused to appear before PBSP FAC-B Behavior Modification Unit (BMU) UCC on this date for 30 Day Program Review. Committee notes CDC 128C, Madrid Exclusionary Chrono, dated 03/01/04, denoting no level of care. DDP Review: 128C-2 in Central File and is clear noting NCF. Committee notes S has an RGPL of 3.3. Prior to Committee, Correctional Officer J. Thom was assigned as Staff Assistant, interviewed S at least 24 hours prior to UCC, per CCR, Title 15, Section, 3315(d)(2)(A) and was present during Committee. The Staff Assistant was assigned based on S 's current RGPL is 4.0 or less. S is advised, via this chrono, to notify staff immediately of any enemy situations that may arise.  Grooming standards and Pelican Bay State Prison (PBSP) expectations were discussed.  S is cleared for double celling per PBSP's current double cell policy, and can be celled with Black ethnic groups, although he refuses to accept a cellie. Committee further notes that S has no current cellmate, and the "S" custody suffix has not been previously applied. S is approved for 270' design facilities.  Placement score is noted to be 93 Level IV points. Committee further notes S was initially placed into the BMU program on 09/21/06, based on: **S was deemed a program failure defined by the CCR, Title 15, Section, 3000.**  Committee notes that since S's prior 30 day Program Review, he received RVR dated 01/22/07, for Recurring Failure to Meet Program Expectations.  S has also refused to participate in the required BMU ITP classes, dated, 01/18/07 and 01/19/07.  Based on the above information, UCC is in mutual agreement that S has not met the necessary requirements of Step # 1, and therefore, is not eligible to graduate to Step #2.  **Step # 1 Privileges include, but are not limited to:**

❖  WG/PG, C/C status for approximately 30 days.

❖  Emergency telephone calls only.

❖  One-quarter (1/4) the monthly canteen draw allowance, not to exceed $45.00.

❖  A minimum of 10 hours out-of-cell time per week, which may include dayroom, workshops (ITP classes) and self-help-group activities, as limited by physical design and local institution security and facility needs.

❖  Non-contact visits, if eligible; with approved visitors only.

**Committee acts to reaffirm S's placement in the BMU program and retain on Step # 1 of the Individual Treatment Plan (ITP) for approximately 30 days. Committee also acts to continue WG/PG, C/C status effective 07/14/04, and continue at CLOB custody.** S was reviewed and cleared for double-celling, noting no history of in-cell violence.  S is advised, via this chrono, that he must remain disciplinary free, including any 128-A Counseling Chronos, and complete the selected behavior modification assignments as directed, prior to being considered for release from the BMU to the General Population (GP).  S's case will be reviewed in approximately 30 days to establish future program modifications.  S is eligible to work around computers, computer systems, or be in areas that may have access to personal information per PC 2702, PC 502, or PC 5071. PC 2933 and 2930 have been complied with.  S was advised, at the completion of UCC, via the staff assistant, of Committee's decision and his right to appeal, and S appeared to understand.  Next 30 day Program Review will be on 02/27/07. Next Annual Review in 06/07.

CHAIRPERSON:  M. FOSS/AC         J. ROBERTSON/CCI I         S. ROBERTS/EDUCATION         RECORDER: D. MELTON/CCI

☐OBIS ☐CSR ☐IGI ☐PSYCH ☐MED ☐ OTHER

Committee Date: **01/30/07    (MELTON)**     Classification     **BMU/UCC**     **PROGRAM REVIEW**     Inst: **PBSP**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

| NO: | P-20045 | NAME: BLOODSAW, THEOPRIC | | HSG: | ASU E1 |

Custody: MAX    PS: 119    Level: IV    WG/PG: D1/D    EFF: 09/13/07    Assignment: ASU MERD 04/12/08
Rel Date: EPRD 09/02/202'    Reclass: 03/05/2008    Action: FORFEIT 90-DAYS GCC MAX, MERD 04/12/08; REFER TO CSR RX TX EXTENSION
BPH Rev: 0    TO PBSP SHU

**RECOMMENDED ACTION:** Refer to CSR recommending transfer extension to PBSP-SHU.

**ADMINISTRATIVE PLACEMENT FACTORS:** Inmate BLOODSAW refused to appear and was reviewed in absentia by PBSP AD-SEG, ICC on this date for Subsequent Review.

**ADMINISTRATIVE PLACEMENT DUE PROCESS:**

**DISCUSSION:** Committee notes S is currently endorsed for transfer to PBSP-SHU to serve a determinate SHU term due to RVR dated 04/12/07, Battery on a Peace Officer. Committee elects to forfeit 90-days of Good Conduct Credit due to RVRs dated 10/25/07, Disrespect without Potential for Violence and RVR dated 10/03/07, Refusal to Obey Orders, resulting in a **MAX MERD 04/12/08**. Committee also notes the transfer for PBSP SHU will expire on 12/07/07. **STAFF ASSISTANCE:** More than 24 hours prior to Committee, Correctional Officer D. Harlow was assigned as SA. The SA was assigned as S has no documented reading level or his reading level is below 4.0.

**MENTAL HEALTH REVIEW:** ICC notes 128-C, dated 05/21/07, noting S is not a participant in the MHSDS level of care. S does not meet PBSP-SHU exclusionary criteria.

**DA ACTION:** N/A

**CELL STATUS:** S is cleared for double celling.

**YARD STATUS:** Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

**COMMITTEE ACTION:** Committee acts to refer to the CSR recommending transfer extension to PBSP-SHU. This is an adverse transfer. Upon transfer, S's custody will be MAX, WG/PG D1/D effective 09/13/07, and single cell housing will not be required.

**INMATE COMMENTS:** Did not appear.

**APPEAL RIGHTS:** As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    F. JACQUEZ/CDW    RECORDER:    S. O'DELL/CCII

COMMITTEE MEMBERS:    M. FOSS/CAPT.    J. PASCOE/PHD

DATE:    12/05/2007    ASU INSTITUTIONAL CLASSIFICATION COMMITTEE    Inst.: PBSP

*orig.*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO:    P-20045    NAME: BLOODSAW, THEOPRIC    HSG:    ASU E1
Custody:   MAX    PS: 133    Level:  IV    WG/PG: D1/D    EFF:  09/13/2007 Assignment:   ASU MERD 04/12/2008
Rel Date:   EPRD 12/01/2021 Reclass:   06/12/2008  **Action:   RETAIN SHU INDET STATUS UPON EXPIRATION OF MERD; REFER TO CSR RX**
BPH Rev:    0                          **TX PBSP/COR SHU**

**RECOMMENDED ACTION: Retain in SHU indeterminate status upon expiration of MERD.  Refer to CSR recommending transfer PBSP/COR SHU.**

ADMINISTRATIVE PLACEMENT FACTORS:  Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Pre-MERD Review. Pursuant to CCR 3336 the Reason for Placement (Part A) is:  S is serving a determinate SHU term due to RVR 04/12/07, Battery on a Peace Officer, with a MERD of 04/12/2008.

DISCUSSION:  Committee notes S is endorsed for transfer to PBSP SHU.  Due to the lack of SHU bedspace S has remained in ASU on Active MERD. Committee reviewed S's disciplinary history which includes two RVR's that resulted in determinate SHU terms.  S has been found guilty of RVR's dated 08/11/99, Attempted Battery on a Peace Officer, 04/12/07, Battery on a Peace Officer 12/19/07, Indecent Exposure and numerous RVR's for recurring Failure to Meet Program/Work Expectations.  Committee views S's refusal to appear at ICC for his Pre-MERD Review, as another example of his refusal to program.    Committee deems S's presence in GP poses an unacceptable risk to the safety of others and the security of the institution. **Committee acts to retain S on SHU Indeterminate status upon expiration of MERD.**

STAFF ASSISTANCE:  More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA.  The SA was assigned as S has no documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW:  ICC notes CDCR 128-C, dated 06/27/01, noting S is not a participant in the MHSDS level of care.

DA ACTION:  N/A

CELL STATUS:  S is cleared for double celling.

YARD STATUS:  Committee acts to place S on Walk Alone Yard Status, Individual Exercise Yard, based upon case factor review.

COMMITTEE ACTION:  Committee acts to refer this case to the CSR with recommendation for transfer to PBSP, with alternate of COR, for SHU placement.  This is an adverse transfer.  Upon transfer, S's custody will be MAX; WG/PG D1/D effective 09/13/07 and single cell housing will not be required.

INMATE COMMENTS: N/A

APPEAL RIGHTS:  As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:    F. JACQUEZ/CDW                          RECORDER:        S. O'DELL/CCII

COMMITTEE MEMBERS:    R. BELL/FC            J. PASCOE/PHD

DATE:    03/12/2008            ASU INSTITUTIONAL CLASSIFICATION COMMITTEE            Inst.: PBSP

Case factors remain the same
[signature] ccc(A) 3/24/08

*18   69*

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDCR 128G (REVISED 4/07)

NO:   P-20045   NAME: BLOODSAW, THEOPRIC   HSG:   ASU F12
Custody:   CLO-B   PS: 133   Level:  IV   WG/PG: A2/B   EFF:   04/13/08   Assignment:   SS, FS W/L
Rel Date:   EPRD 12/01/2021   Reclass:   04/25/08   Action:  ASSESS/SUSPEND  6-MONTH  SHU  TERM  RVR  12/19/07;  REFER TO CSR
BPH Rev:   NA   AUDIT/REVIEW; RELEASE PBSP-IV B FAC ESTABLISH CLO-B CUSTODY WG/PG
A2/B EFF 04/13/08; FS, SS W/L; REFER BMU REVIEW

RECOMMENDED ACTION:  Refer to CSR for audit/review.

ADMINISTRATIVE PLACEMENT FACTORS:  Inmate BLOODSAW refused to appear before PBSP AD-SEG, ICC on this date for Subsequent Review.
Committee notes S currently housed in ASU without being issued a CDCR 114-D.

DISCUSSION:  S was previously housed at PBSP SHU serving a determinate SHU term due to an RVR dated 04/12/07, Battery on a Peace Officer. At the
expiration of a 04/12/08 MERD, S was moved to ASU. Committee notes a CSR action dated 03/25/08 referred the case to the CDW.  The CSR noted an
RVR dated 12/19/07, for Indecent Exposure had not been assessed a SHU term as required per the CSRs.  Committee also notes ICC action dated
03/12/08 retained S on Indeterminate status due to S's disciplinary history.  **ICC acts to rescind ICC action dated 03/12/08.  C-File reflects S was found
guilty of the following:** RVR dated 12/19/07, Log #E07-12-0003, CCR #3007, a DIV-D offense, for the specific offense to Indecent Exposure, resulting in
90-days loss of credit. **This offense warrants a SHU term; therefore Committee acts to assess a 6-month concurrent SHU term and refer to CSR
for audit and review.**  No aggravating factors were noted.  The SHU term was not mitigated due to prior disciplinary history.  S's WG/PG will be D2/D
effective 12/19/07 for period of credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.  **Suspended MERD for this offense is 05/04/08.**

STAFF ASSISTANCE:  More than 24 hours prior to Committee, Correctional Officer J. Kay was assigned as SA.  The SA was assigned as S has no
documented reading level or his reading level is below 4.0.

MENTAL HEALTH REVIEW:  ICC notes CDCR 128-C, dated 04/02/08, noting S is not a participant in the MHSDS level of care.

DA ACTION:  NA

CELL STATUS:  S is cleared for double celling.

YARD STATUS:  GP

COMMITTEE ACTION:  Release to the GP on FAC-B only.   C-File reflects S was found guilty of the following: RVR dated 12/19/07, Log #E07-12-
0003, CCR #3007, for the specific offense to Indecent Exposure, resulting in 90-days loss of credit. **This offense warrants a SHU term;
therefore Committee acts to assess and suspend a 6-month concurrent midrange SHU term for Indecent Exposure. MERD for this offense is
05/04/08.** No aggravating nor mitigating factors were noted.  **Refer to CSR for audit and review.** S's WG/PG will be D2/D effective 12/19/07 for period of
credit forfeiture per CCR #3045.1, then WG/PG D1/D will be applied.

Refer for BMU placement, establish CLO-B custody, and WG/PG A2/B, effective 04/13/08, and place on the SS, FS waiting lists.

INMATE COMMENTS:  NA

APPEAL RIGHTS:  As S's case was reviewed in absentia, he will be advised of his rights via this chrono.

CHAIRPERSON:   M. COOK/CDW(A)   RECORDER:   S. O'DELL/CCII

COMMITTEE MEMBERS:   R. BELL/FC   C. GLINES/PHD

DATE:   04/16/2008   ASU INSTITUTIONAL CLASSIFICATION COMMITTEE   Inst.: PBSP

*Case Factors remain the
Same & cc:I:h 5/1/08*

H7  H2 113

NAME and NUMBER: B10965-AW    CDC-128-B (Rev. 4/74)

On Tuesday, October 17, 2006, at approximately [ ] hours, you were involved in a Battery on an
Inmate with Inmate MEREDITH (D-84587, B8-10 L) [ ] the upper tier shower of B8 "A" Section. You
have been deemed the victim of the battery [ ] were witnessing the incident.  You have
subsequently been considered a non-confidential [ ] on Inmate MEREDITH.  This information will
be documented on your Non-Confidential CDC Form [ ] ur Central File.

ORIG: C-FILE
cc  : INMATE
      CCI
      AWC

                                    _____
                                    K. BELL
                                    FACILITY PROGRAM LIEUTENANT

DATE   10/18/2006                        PBSP              GENERAL CHRONO

DATE:                    I/M NAME                              CDC#                          CELL

On __2-5-07__, at approximately __0930__ hours, inmate___BLOODSAW___, CDC#__Y20045__,
cell#__38.204 2__, refused to attend the mandatory BMU class. Inmate __Bloodsaw__ was assigned to the
BMU in Committee on __7-21-06__, where the mandatory program was explained in detail.

_____                    _____C/o J. C. Thom_____
INMATE SIGNATURE                                   STAFF (Print Name and Sign)

                                                   _____C/o J. C. Yun_____
                                                   STAFF (Print Name and Sign)

☒ INMATE REFUSED TO SIGN

ORIG   :   C-File
cc     :   Inmate
       :   AWC

                                        **PBSP**              **GENERAL CHRONO**



2  STATE OF CALIFORNIA  69      **HEALTH CARE SERVICES REQUEST FORM**    DEPARTMENT OF CORRECTIONS
CDC 7362 (Rev. 03/04)

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

| REQUEST FOR: | MEDICAL ☑ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

| NAME *Bradshaw George* | CDC NUMBER *P-505 5* | HOUSING *AU-202* |
|---|---|---|

| PATIENT SIGNATURE *T. _____* | DATE *2-7-07* |
|---|---|

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had
The Problem) *I was ____ by Staff CDC on 1-12-07 I did not
receive proper medical attention _____ blows to my head
of my hand, left arm, ribcage, low or hip, left hip, knee and
ankle, ____ ____ left leg*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON
BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

**CDC 7362 (Rev. 03/04)**    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC    NO. P20045    RM: A2-202L    DATE: 05/10/07

EXAM REQUESTED:              CERVICAL SPINE THREE VIEWS

REQUESTING M.D.:            PCP CLINIC

CLINICAL DATA:              HISTORY OF NECK PAIN.

RADIOGRAPHIC REPORT:        CERVICAL SPINE THREE VIEWS

FINDINGS:                   This study is compared with films taken in June of 2005.

There is no obvious soft tissue swelling or calcifications. There is a focal reversal of the normal cervical lordosis with the apex this reversal is centered at C5. Mild arthritic changes are noted at C4-5. Moderate arthritic changes bordering on severe are noted at C5-6 and C6-7. At these levels there is endplate sclerosis, osteophyte formation and joint space narrowing. Lateral mass arthritic changes are noted at disc spaces above this. There is an unusual appearance of the symphysis of the mandible perhaps this is posttraumatic. This is probably unchanged from the preceding study. The degree of arthritic changes in the mid and lower cervical spine is thought to be mildly progressive when compared to the previous study in 2005.

IMPRESSION:         1.    FOCAL MODERATE DEGENERATIVE ARTHRITIC CHANGES OF THE MID AND LOWER CERVICAL SPINE, I BELIEVE THEY ARE MILDLY PROGRESSIVE WHEN COMPARED TO THE PRECEDING STUDY.

                    2.    FINDINGS AT C5-6 MAY BE CHARACTERIZED AS SEVERE.

                    3.    I BELIEVE THAT THERE IS A POSTTRAUMATIC DEFORMITY OF THE SYMPHYSIS OF THE MANDIBLE THAT IS STABLE WHEN COMPARED TO THE PREVIOUS STUDY.

05/15/07                    PHILIP GRIMM, M.D.                    DLK
DATE READ                   RADIOLOGIST                          TRANSCRIBER

## California State Prison Corcoran

# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric        NUMBER: E-40947        DATE: 12/17/92

DOCTOR: Hoffman                HOUSING: 4B

SKULL SERIES, C-SPINE.

HISTORY: Blow to head 1977. Dizziness daily since.

SKULL SERIES.

I see no fracture, sinuses clear.

IMPRESSION: Unremarkable skull series.

CERVICAL SPINE.

Films continue to show loss of normal cervical lordosis. There is narrowing of the C-5/6 disc with some straightening of curvature at this level, no change since previous, no fractures or destructive processes seen.

IMPRESSION: Abnormal C-5/6 interspace. No other significant findings identified.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 12/22/92 ls/JG
Original: Medical Chart
          cc: X-Ray Jacket

## California State Prison Corcoran
# RADIOLOGY REPORT

NAME: BLOODSAW, Theopric _____ NUMBER: E-40947 _____ DATE: 10/20/92

DOCTOR: Brown _____ HOUSING: 4B _____

CERVICAL SPINE FILM SERIES WITH OBLIQUES.

Radiographic examination of the cervical spine was obtained. There is either a superimposed position artifact or non-displaced fracture at the ~~lateral~~ left lateral corner of C-1. It is visible on the frontal projection. Further evaluation by obtaining follow-up radiographic examination may be of value. Otherwise there is no evidence of acute fracture or dislocation. Vertebral body statures are well maintained. Narrowing of C-5/C-6 intervertebral disc space with osteophytes is appreciated. This is consistent with degenerative disc disease. Neural canal are patent. Prevertebral soft tissue structures appear unremarkable. Mild reversal of cervical curvature is noted. This may be secondary to positioning or muscle spasms.

IMPRESSION: (1) Reversal of cervical curvature. (2) Degenerative disc disease. (3) Fractures verses superimposed position artifact of C-1 as described, Follow up Lateral + open mouth View Rx.

_____
Mario Deguchi, M.D./Jay Grauman, M.D.

Dictated: 10/22/92 ls/MD
Original: Medical Chart
         cc: X-Ray Jacket

8 74
73  X-RAY REPORT

4 - 9 - 99

M

## DEPARTMENT OF CORRECTIONS
## CORRECTIONAL TRAINING FACILITY

NAME:                    CDC #:         CELL:        DOB:        DATE:
BLOODSAW, THEOPRIC       P-20045        D4/025U      06/24/58    02/26/99

EXAM REQUESTED:
PA AND LATERAL CHEST

CLINICAL DATA:
OLD GSW, LEFT THORAX

REFERRING PHYSICIAN:
D. GINES, M.D.

RADIOGRAPHIC REPORT:

CHEST:   PA AND LATERAL VIEWS OF THE CHEST ARE OBTAINED ON 02/26/99.

MULTIPLE METALLIC FRAGMENTS ARE NOTED OVERLYING AND WITHIN THE UPPER LEFT
HEMITHORAX, CONSISTENT WITH A PREVIOUS GUNSHOT INJURY.   BOTH LUNGS ARE
WELL EXPANDED AND CLEAR.   THERE IS NO EVIDENCE OF ANY ACTIVE PULMONARY
PATHOLOGY.   THE HEART IS NORMAL IN SIZE AND CONTOUR.   THERE IS NO
MEDIASTINAL ADENOPATHY.

IMPRESSION:

THERE IS EVIDENCE OF A PREVIOUS OLD GUNSHOT INJURY INVOLVING THE LEFT
UPPER HEMITHORAX.   NO ACTIVE CARDIOPULMONARY PATHOLOGY IS SEEN.   THERE
ARE NO PREVIOUS FILMS AVAILABLE FOR COMPARISON.

03/02/99                    NELSON PARKER, M.D.                    NHP/gj
DATE READ                      RADIOLOGIST              DATE TYPED:  04/07/99

25L 14 75
#4 35¹

NAME  Bloodsaw          NUMBER  E40947     AGE  32   DATE   12/17/90

X-RAY REQUESTED       Left hip                    PHYSICIAN  A. C. Pedley, M.D.

REPORT:
    The left hip is negative for evidence of acute fracture or dislocation.
    There are several bullet fragments overlying the soft tissues lateral to
    the left hip joint space  and suggested slight increased narrowing of the
    left hip joint space medially.


RJB: ck
d:  12/18/90
t:  12/18/90
                                        ROBERT J. BEMRICK, M.D.
                                        RADIOLOGIST

S.C.C. X-RAY REPORT

20
76

NAME   Bloodsaw                          NUMBER   E40947           AGE   32       DATE   12/17/90

X-RAY REQUESTED        Left hip                              PHYSICIAN   A. C. Pedley, M.D.

REPORT:

The left hip is negative for evidence of acute fracture or dislocation.
There are several bullet fragments overlying the soft tissues lateral to
the left hip joint space  and suggested slight increased narrowing of the
left hip joint space medially.

RJB: ck
d:  12/18/90
t:  12/18/90

/S

ROBERT J. BEMRICK, M.D.
RADIOLOGIST

S.C.C. X-RAY REPORT

NAME · Bloodsaw                          NUMBER  E40947           AGE      31      DATE    2/16/90

X-RAY REQUESTED    Upper GI Series                      PHYSICIAN              F. J. Foster, M.D.

REPORT:

The preliminary film of the abdomen shows no evidence of acute intra-abdominal
disease or other significant abnormality except for a developmental or possibly
old minor post-traumatic deformity involving the right transverse process of
the fourth lumbar vertebra.

The examination was performed without the aid of fluoroscopy.  There appears to
be increased prominence of the partially visualized distal antral and pyloric
folds and there is deformity of the duodenal bulb with inflammatory thickening
of the duodenal bulb and post-bulbar folds.  The visualized upper intestinal tract
is otherwise within normal limits and shows no evidence of peptic ulceration.

CONCLUSIONS:    Findings consistent with nonerosive antral gastritis and duodenitis.

No evidence of peptic ulceration involving the upper intestinal
tract.

/S

Robert J. Bemrick, M.D.
Radiologist

'B: ck
2/27/90
3/2/90

S.C.C. X-RAY REPORT




# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A4-226  DOB: 06/25/58  DATE: 07/23/04

EXAM REQUESTED:              CERVICAL SPINE

REQUESTING M.D.:             J. LAZORE, F.N.P.

CLINICAL DATA:               HISTORY OF PAIN.

RADIOGRAPHIC REPORT:         CERVICAL SPINE

FINDINGS:                    There is mild a reversal of the normal cervical lordosis.

Moderate degenerative disc disease is noted at the C5-6 and C6-C7 levels manifest by disc space narrowing and marginal osteophyte formation.

**IMPRESSION:**              **MODERATE DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7.**

ORIGINAL

07/28/04                     CURTIS COULAM, M.D.                        DLK
DATE READ                    RADIOLOGIST                         TRANSCRIBER

 

## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:           CERVICAL SPINE

REQUESTING M.D.:          J. LAZORE, F.N.P.

CLINICAL DATA:            NO HISTORY GIVEN

RADIOGRAPHIC REPORT:      CERVICAL SPINE

FINDINGS:                 Comparison to a previous study dated 7/23/04.

On the current study the soft tissues are unremarkable.

There is a mild reversal of the cervical lordosis centered at  C5-6.  There is mild anterior subluxation of C4 with respect to C5 which was not present on the previous study.

Degenerative discs at C5-6 and C6-7 again noted and show little change compared to the previous study.

**IMPRESSION:**          1.   **REDEMONSTRATION OF DEGENERATIVE DISC DISEASE AT C5-6 AND C6-7 WHICH APPEAR STABLE.**
2.   **THERE IS MILD ANTERIOR SUBLUXATION OF C4 WITH RESPECT TO C5 OF APPROXIMATELY 2 MM WHICH WAS NOT SPECIFICALLY PRESENT ON THE FILMS OF 7/23/04.**

**ON THE OBLIQUE VIEWS POSTERIOR OSTEOPHYTES PARTIALLY ENCROACH ON THE INTERVERTEBRAL FORAMINA AT THE C5-6 LEVEL BILATERALLY.**



02/22/05                 CURTIS COULAM, M.D.                        BGR
DATE READ                RADIOLOGIST                        TRANSCRIBER

54 78
79

 

## X-RAY REPORT

### DEPARTMENT OF CORRECTIONS
### PELICAN BAY STATE PRISON
### HEALTH CARE SERVICES

NAME: BLOODSAW, THEOPRIC  NO. P20045  RM: A2-125  DOB: 6/25/58  DATE: 02/22/05

EXAM REQUESTED:            3 VIEW LUMBAR SPINE

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             NO HISTORY GIVEN

RADIOGRAPHIC REPORT:       3 VIEW LUMBAR SPINE

FINDINGS:           The lumbar vertebra are normally aligned and the disc spaces are well maintained. No compression fractures are evident. There are no arthritic changes.

**IMPRESSION:**            **NORMAL LUMBAR SPINE.**


EXAM REQUESTED:            LEFT HIP

REQUESTING M.D.:           J. LAZORE, F.N.P.

CLINICAL DATA:             NO HISTORY GIVEN

RADIOGRAPHIC REPORT:       LEFT HIP

FINDINGS:           4-5 tiny metallic fragments are noted in the soft tissues lateral to the hip joint. These all appear to be extra articular.

The femoral head is normally developed and normally located in the acetabulum. The joint space is well preserved. No significant arthritic changes are evident.

**IMPRESSION:**            **TINY METALLIC FOREIGN BODIES IN THE SOFT TISSUES LATERAL TO THE HIP. THE HIP, PER SE IS UNREMARKABLE.**

02/22/05                   CURTIS COULAM, M.D.                    BGR
DATE READ                  RADIOLOGIST                     TRANSCRIBER

44 255
243 74

NAME: BLOODSAW, THEOPRIC   NO. P20045  RM:  A2-125  DOB: 06/25/58  DATE: 03/14/05

EXAM REQUESTED:          SINUS SERIES

REQUESTING M.D.:         J. LAZORE, F.N.P.

CLINICAL DATA:           HISTORY OF MAXILLARY PAIN

RADIOGRAPHIC REPORT:     SINUS SERIES

FINDINGS:               The paranasal sinuses are all normally developed and normally aerated. There is no evidence of acute or chronic sinus disease.

IMPRESSION:             NORMAL SINUS SERIES.

03/21/05          CURTIS COULAM, M.D.                              BGR




55 ~~PH7~~ ~~H-35~~ ~~#35~~
#143
#81

# X-RAY REPORT

## DEPARTMENT OF CORRECTIONS
## PELICAN BAY STATE PRISON
## HEALTH CARE SERVICES

A3-182

NAME: BLOODSAW, THEOPRIC  NO. P-20045  RM: ~~A2-118~~  DOB: 06/25/58  DATE: 06/23/05

EXAM REQUESTED:              FIVE VIEW CERVICAL SPINE

REQUESTING M.D.:            W. WAHIDULLAH, M.D.

CLINICAL DATA:              HISTORY OF PAIN

RADIOGRAPHIC REPORT:        FIVE VIEW CERVICAL SPINE

FINDINGS:                   Comparison to previous study dated 02/22/2005.

Soft tissues remain normal.

Again noted is approximately 2 ml subluxation of C-4 with respect to C-5. This is unchanged compared to the previous study.

Degenerative narrowing of the C5-6 and C6-C7 disc spaces are again noted with no demonstrable change.

Again noted is minimal foraminal encroachment at the C5-6 level bilaterally.

**IMPRESSION:**              **DEGENERATIVE DISC DISEASE AT C5-6 AND C6-C7 WITH MILD SUBLUXATION OF C4 ON C5. THESE FINDINGS WERE ALL PRESENT ON THE PREVIOUS STUDY AND THERE HAS BEEN NO DEMONSTRATED CHANGE SINCE THAT EXAMINATION.**

CO 7/8/05

06/07/05                    CURTIS COULAM, M.D.                    BMC
DATE READ                   RADIOLOGIST                           TRANSCRIBER

# ADA APPEAL TRACKING SHEET

INMATE NAME _Bloodsaw_ CDC # _P20045_ APPEAL # _A05-01931_

Appeal Received                                          Date: _5/11/05_

Verification Attached                                    ☒ YES      ☐ NO

Medical Chart Reviewed                                   Date:_____

Verification Obtained by Review                          ☐ YES      ☐ NO

Appeal Forwarded for Review                              Date:_____

Request for Verification                                 Date:_____

Verification Confirmed                                   ☐ YES      ☐ NO
                                                         Date Received:_____

Appeal Forwarded for Review                              Date:_____

Unable to Verify/Consult Necessary                       ☐ YES      ☐ NO

Appeal Suspended                                         Date:_____

Appointment with Outside Consult Scheduled               Date:_____

Outside Consult Completed/Report Received                Date:_____

Appeal Forwarded for Review After Suspension             Date:_____

_9/1/05_

# URGENT
# ADA

## Request
## for
## Medical Review

## Verification
## of
## Disability

Inmate __BloodSaw__ CDC# __P20045__, has filed a CDC 1824 requesting accommodation under ADA. His medical file has been reviewed and has no verification of the disability he is claiming. For proper processing, a CDC 1845 and a CDC 128-C listing limitation must be generated and returned to the Appeals Office prior to __5/24/05__.

APPEAL # __A05-01931__

Please put on
Dr. Line to
have ADA
issues discussed.
Thank You
Cindy Word
x7224
Med Appeals

Return to Med. Appeals
by 5/24/05

92 · 84
83

**ADA 1824 RESPONSE SHEET**

Inmate's issue: Vertebral abnormal C-5/6 + C6-7, Severe pain in left hip, spasms, lower back pain, dizziness

Inmate interviewed on: 5/19/05
Date

By: W. Wahidullah MD
Interviewer

Inmate stated during the interview: pt wants total disability due to his back and neck pain, & occasinl spasm.

Inmate's request for accommodation is: Totally disable under ADA - per diagnosis of physician.

The reason for the determination is: , Reffer to Physical therapy for evaluation for disability on it could not be determined, based on pt sitty comfortable during exam, Not in any distress, and able to walk, No weakness or numbness in arm, hand or legs, No report or radiation of pain to the base of thigh. [signature]

If a determination cannot be made without an outside consult, please attach the order for MAR review of outside consult.

# ADA APPEAL TRACKING SHEET

INMATE NAME _Bloodsaw_ CDC # _P20045_ APPEAL # _____

Appeal Received                                        Date: _5/11/05_

Verification Attached                          ☒YES        ☐NO

Medical Chart Reviewed                         Date:_____

Verification Obtained by Review                ☐ YES      ☐ NO

Appeal Forwarded for Review                    Date:_____

Request for Verification                       Date:_____

Verification Confirmed                         ☐ YES      ☐ NO
                                               Date Received:_____

Appeal Forwarded for Review                    Date:_____

Unable to Verify/Consult Necessary             ☐ YES      ☐ NO

Appeal Suspended                               Date:_____

Appointment with Outside Consult Scheduled     Date:_____

Outside Consult Completed/Report Received      Date:_____

Appeal Forwarded for Review After Suspension   Date:_____



STATE OF CALIFORNIA
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
CHECK ALL APPLICABLE BOXES

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: BLOODSAW | CDC NUMBER: P20045 | INSTITUTION: PBSP | HOUSING ASSIGNMENT: A2 202L | DATE FORM INITIATED: 8/1/07 |
|---|---|---|---|---|

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☒ Inmate self-identifies to staff ☐ Third party evaluation request ☐ Observation by staff ☐ Medical documentation or Central File information | ☐ Blind/Vision Impaired ☐ Speech Impaired ☒ Deaf/Hearing Impaired ☐ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DPW Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - DPO Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM Walks 100 yards without pause with or without assistive devices. ☐ No Housing Restrictions ☐ See HOUSING RESTRICTIONS in Section E ☐ Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☒ HEARING IMPAIRMENT - DNH With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS Does not communicate effectively speaking, but does when writing. |

| SECTION E: ADDITIONAL MEDICAL INFORMATION | |
|---|---|
| **CSR ALERT:** ☐ Requires relatively level terrain and no obstructions in path of travel ☐ Complex medical needs affecting placement ☐ CDC 128-C _____ | **HEALTH CARE APPLIANCE / IDENTIFICATION VEST:** ☐ Cane ☐ Crutch ☐ Walker ☐ Leg/Arm prosthesis ☐ Vest ☐ Other: _____ ☐ CDC 128-C(s) dated: _____ |
| **ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:** ☐ Feeding or Eating ☐ Bathing ☐ Grooming ☐ W/C transferring ☐ Toileting ☐ Other: _____ ☐ CDC 128-C(s) dated: _____ | **OTHER DPP DESIGNATIONS:** ☐ NONE _____; _____ CODE   DATED   CODE   DATED |
| **HOUSING RESTRICTIONS:** ☐ Lower bunk ☐ No stairs ☐ No triple bunk. CDC 128-C(s) dated: _____ | |

| SECTION F: EXCLUSIONS |
|---|
| ☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____). |
| ☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.) |
| ☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.) |

| SECTION G: EFFECTIVE COMMUNICATION FACTORS |
|---|
| ☐ Uses Sign Language Interpreter (SLI) ☐ Reads Braille ☐ Communicates with written notes ☐ Requires large print or magnifier ☐ Reads lips ☒ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD |

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

*Has good function & hearing aids ~ does not need vest*

| PHYSICIAN'S NAME (Print): M.C. SAYRE | PHYSICIAN'S SIGNATURE: M. Sayre | DATE SIGNED: 8/1/07 |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print): M.C. SAYRE | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE: MC Sayre | DATE SIGNED: 8/1/07 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;   Green - Chrono Section, Unit Health Record   Canary - C&PR/RC CC-III;   Pink-CC-I;   Gold-Inmate

State of California
DEPARTMENT OF CORRECTIONS
CDC 128-E

NAME and NUMBER  Bloodsaw, P20045

This inmate has been identified as: ☐ DPH ☒ DNH ☐ DPS ☐ DNS and was interviewed as indicated below:
☒ The inmate was (was not) interviewed with the assistance of a qualified sign language interpreter.
Name of sign language interpreter _____

Primary method: (Check one) (This method shall be used for due process, delivery of health care, inmate appeals and CDC 1515)
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☒ Hearing aide(s) ☐ Assistive listening device

Alternative method(s): (Check all that apply)  I/m Request a Vest to Identify his Hearing impairme
☐ American Sign Language ☐ Sign Exact English ☐ Other sign language: _____ ☐ Written notes
☐ Reads Lips ☐ Hearing aide(s) ☐ Assistive listening device ☒ None

V.Y. France, Sgt.          France Sgt.          X T. Bloodsaw
Interviewer's Name          Interviewer's Signature          Inmate's Signature          C. Pinteau

DATE: 8/16/07  NOTE - VEST ISSUED 8/17/07 C4  CAPTAIN  INST: PBSP
EQUALLY EFFECTIVE COMMUNICATION FOR HEARING/SPEECH IMPAIRED

Orig.

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| PBSP | A05-01931 | 13. ADA |

USE AS ORIGINAL

NOTE: THIS FORM MAY BE USED ONLY ~~BY~~ ... WITH DISABILITIES

In particular, this request may be verified ... a disability which is covered under the Americans With Disabilities Act.

A2-103

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| BloodsAw Theopric | P20045 | N/A | N/A | A2-105 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

Vertebral abnormal C-5/6 interspace, C6-C7 abnormal cervical lordo-sis, severe pain in left hip, spasms, lower back pain, Dizziness

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

My medical documents they are attached

DESCRIBE THE PROBLEM:

Shot in my left hip severe pain, Abnormal C 5/6 interspace, C6-C7 Degenerative disc disease, spasms, Dizziness, lower back pain a L.A. County sheriff's Deputy came down on my lower back with both of his knees
3350. Provision of Medical Care and Definitions.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

~~Totally dis~~
Totally disable Americans With Disabilities Act, I want to be diagnosed by a physician as totally disable. *3044.(B) An inma-te diagnosed by a physician and/or psychiatrist as totally disable shall re-main in Privilege Group A unless changed by disciplinary action.

T. Bloodsaw
INMATE/PAROLEE'S SIGNATURE

5-3-05  5-4-05
DATE SIGNED

*Bypass 1ST level*
*TREAT AS 2ND level Response*

REVIEWER'S ACTION

TYPE OF ADA ISSUE

DATE ASSIGNED TO REVIEWER 8-11-05
DATE DUE: 9-1-05

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)
    ☐ Auxiliary Aid or Device Requested
    ☒ Other _low back pain_

☐ PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: _No limitations other than typical low back pain_

DATE INMATE/PAROLEE WAS INTERVIEWED _12/14/05_

PERSON WHO CONDUCTED INTERVIEW _M C Sayu_

DISPOSITION
☐ GRANTED     ☒ DENIED     ☐ PARTIALLY GRANTED

BASIS OF DECISION: _No limitation found_

NOTE: If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY (NAME) _M C Sayu_    TITLE _(CMO/4)_    INSTITUTION/FACILITY _FSP_

APPROVAL

ASSOCIATE WARDEN'S SIGNATURE _Maureen McLee HCM M C Sayu_    DATE SIGNED _12/15/05_

DATE RETURNED TO INMATE/PAROLEE _3-1-06_

STATE OF CALIFORNIA

# REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| PBSP | A-04-02445 | 18. ADA |

*NOTE:* **THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

A-2  125L

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Bloodsaw Theopric | P20045 | N/A | N/A | A-1-226 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

Vertebral, Blow to head 1977 Dizziness since, Cervical Spine

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

They are attached to this form the one's I have in my possession medical documents

DESCRIBE THE PROBLEM:

I have left eardrum damage, shot in left leg or hip, shot in upper left chest, Abnormal C-5/6 interspace (1) Reversal of cervical curvature (2) Degenerative disc disease, (3) fractures verses superimposed position artifact of C-1 as described, this maybe secondary to positioning or muscle spasms. To many problems from my cellie's

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

I want the Americans With Disabilities Act, and assigned disable, I would also like to be assigned single cell status, this may be secondary to positioning or muscle spasms. Imminent danger of serious physical injury

T. Bloodsaw

INMATE/PAROLEE'S SIGNATURE

8-23-04

DATE SIGNED

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| REVIEWER'S ACTION |
|---|

**TYPE OF ADA ISSUE**

| DATE ASSIGNED TO REVIEWER: |
|---|
| DATE DUE: |

☒ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☒ Auxiliary Aid or Device Requested

    ☐ Other_____

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** You SUBMITTED THIS CDC 1824 dated 08-23-04 stating your claims of hearing impairment as well as a history of gun shot wounds which may have caused a mobility impairment. This appeal was suspended on 09-21-04 pending further outside consultations + evaluations. An examination and assessment of your physical condition as well as recent x-rays was completed by Dr. TANJI with The UC DAVIS Telemedicine health system orthopedic clinic on 02-03-05. The radiographic findings were consistant with those noted in 1992. Hearing tests resulted in your being fitted with hearing aids on 03-18-05. During our interview, you stated that your hearing was improved when you wear the hearing aids.

03-22-05
DATE INMATE/PAROLEE WAS INTERVIEWED

FREDERICK W. SPENCER
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED    ☐ DENIED    ☒ PARTIALLY GRANTED

**BASIS OF DECISION:** You were fitted with two hearing aids on 03-18-05 and you state that your ability to hear is improved. Your orthopedic exam resulted in an assessment of cervical spine osteoarthritis secondary to assault with radicular symptoms. Although this condition would cause episodes of upper body stiffness with occasional radiating pain, it would not cause you to be mobility impaired. You are currently, and have been, single celled. You have not received official single cell status.

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| FREDERICK W. SPENCER, DDS | Chief Dental Officer | PBSP |

| APPROVAL |
|---|

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|
| Cinl K. Thodrn | 3/22/05 |

DATE RETURNED TO INMATE/PAROLEE: MAR 2 3 2005

Real Con R/N

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

INSTITUTION/PAROLE REGION: PBSP

DEPARTMENT OF CORRECTIONS

LOG NUMBER: B06-02075

CATEGORY: 18. ADA

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

TMD

B8-209

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Bloodsaw Theopric | P20045 | N/A | N/A | B8-120 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:
Cervical Spine, Abnormal C-5/6 interspace C-1, C-5/C-6, C5-6, C6-C7, and C4 Dizziness, Muscle spasms, gunshot in left hip, lower back pain

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
My medical documents X-Ray reports, Police incident report on 11-8-02, when I was attacked severely beaten them for malice reasons and they contributed to the new spinal injuries in my neck

DESCRIBE THE PROBLEM:
Severe pain and discomfort, Spasms, Dizziness

U.S.C. Amendments VIII, XIV

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?
Total disable (ADA) CDC 1824. 42 U.S.C. 12131 et seq. (ADA) 29 U.S.C. 794 (Rehabilitation Act) Pennsylvania Dept. of Corrections v. Yeskey (19-98) 524 U.S. 206 (118 S Ct. 1952; 141 L. Ed. 2d 215).; 3377.1. Inmate Custody Designations. 3375. Classification Process.

T. Bloodsaw
INMATE/PAROLEE'S SIGNATURE

8-9-06
DATE SIGNED

1ST/HCM 4/28/06

2ND/HCM SEP 14 2008

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
**CDC 1824 (1/95)**

## REVIEWER'S ACTION

**TYPE OF ADA ISSUE**

**DATE ASSIGNED TO REVIEWER:** 8/28/06
**DATE DUE:** 9/19/06

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

☐ Auxiliary Aid or Device Requested

☒ Other Total Medical Disabled due to back + hip pain

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** Inmate seeking total medical disability, which is not medically indicated/necessary at this time. A medical chrono has been written RE limitations and a low bunk chrono dated 8/29/06

Interviewed by me on 8/30/06. Inmate clearly states that he has no disability and can do everything.

M C Sayre

8/11/06
DATE INMATE/PAROLEE WAS INTERVIEWED

C Melo Clineo
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED ☒ DENIED ☐ PARTIALLY GRANTED

**BASIS OF DECISION:** Total Disability

He has no disability by his own statements

M C Sayre

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| M.C. SAYRE | CMO | PBSP |

## APPROVAL

| ASSOCIATE WARDEN'S SIGNATURE | DATE SIGNED |
|---|---|
| M C Sayre | 9/5/06 |

DATE RETURNED TO INMATE/PAROLEE 9-5-07

## FORM E

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of _PBSP_ in the county of _Del Norte_, California. I am over the age of 18 years. My residence address is:

_P.O. Box 7500, Crescent City, CA. 95532_ .

On _7-7-08_, I served the attached _Civil Right Complaint_ on the _U.S. Dist. Court_ in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at _PBSP_ addressed as follows:

_U.S. District Court, Northern Dist. of CA., 450 Golden Gate Ave., San Francisco, CA. 95532_ .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on _7-7-08_ [date], at _Crescent City_, California.

_Bloodsaw Theopric_
[Type or Print Name]

_T. Bloodsaw_
[Signature]

NAME: *Bloodsaw Gregoric*

CDC NO. *P-28045* HOUSING: *B8-113*

PELICAN BAY STATE PRISON

# LEGAL MAIL



RECEIVED

JUL 25 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*United States District Court*
*Northern District of Calif.*
*ATTN: Clerk*
*450 Golden Gate Ave.*
*San Francisco, CA. 94102*

PELICAN BAY STATE PRISON
5905 Lake East Dr
Crescent City CA 95532



UNITED STATES POSTAGE

$ 05.05°

C 2 1M
05 0421 7666  JUL 23 2008
MAILED FROM ZIP CODE 95531

ClOS R _____                    7-22-08